

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00215-CV

----------

NEAL RAUHAUSER                                                    APPELLANT

V.

JAMES MCGIBNEY AND VIAVIEW,                                       APPELLEES
INC.

----------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 067-270669-14

----------

## OPINION

----------

## I. INTRODUCTION

This is an interlocutory appeal under the Texas Citizens' Participation Act (TCPA) from the denial by operation of law of a motion to dismiss filed pursuant to the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a) (West Supp. 2014). Because Appellant Neal Rauhauser, as the party filing the motion to

dismiss, met his burden to show by a preponderance of the evidence that the legal action against him was based on, was related to, or was in response to his exercise of free speech; because Appellees James McGibney and ViaView, Inc. did not attempt to establish by clear and specific evidence a prima facie case for each essential element of their claims against Rauhauser but instead nonsuited their claims; and because Rauhauser's motion to dismiss survived Appellees' nonsuit, we hold that the trial court erred by permitting Rauhauser's motion to be denied by operation of law. *See id.* § 27.005(a), (b) (West Supp. 2014), § 27.008(a). For the reasons set forth below, we will reverse the denial by operation of law of Rauhauser's motion to dismiss and remand the case to the trial court to order dismissal of all claims except ViaView's business disparagement claim and tortious interference with business relationships claim to the extent that those claims are not based on communications by Rauhauser made in connection with an issue relating to McGibney; to award court costs, reasonable attorney's fees, and other expenses incurred by Rauhauser in defending against Appellees' suit as justice and equity may require; and to award sanctions against McGibney, ViaView, or both in an amount that the trial court determines sufficient to deter them from bringing similar actions. *See id.* § 27.009 (West Supp. 2014).

2

## II. FACTUAL AND PROCEDURAL BACKGROUND

McGibney is the CEO of ViaView and the founder and operator of ViaView's websites.[1]  McGibney has appeared on many television and radio talk shows to promote "vigilante justice" through ViaView's websites.

McGibney and ViaView filed suit against Rauhauser—and nine other defendants who are not parties to this appeal—pleading claims for defamation, defamation per se, business disparagement, intentional infliction of emotional distress, tortious interference with business relationships, and other nondefamation torts.  Appellees' petition attributed the posting of four specific threats and defamatory statements on ViaView's websites to a Mr. Retzlaff and alleged that Rauhauser and the other defendants had "joined with" Mr. Retzlaff "in this pattern of cyber-stalking, cyber-terrorism, defamation[,] and harassment." Appellees alleged that all of the defendants' postings were verbal acts specifically directed against McGibney and ViaView and constituted cyberstalking and harassment and that the defendants had created dozens of sock accounts on Twitter and Facebook to harass McGibney.  Appellees' pleading sought a temporary injunction order "that would prohibit and enjoin any . . . [T]witter or social media statements or blog entries by each and all Defendants that constitute unlawful verbal acts, or are criminal misconduct . . . ."

---

[1]The websites include www.bullyville.com, www.cheaterville.com, www.judgeville.com, and several others.  The websites provide a forum for users to publically shame bullies, unfaithful paramours, judges, and others, respectively, for perceived wrongs.

After being sued, Rauhauser filed a motion to dismiss Appellees' claims pursuant to the provisions of the TCPA and sought attorney's fees and sanctions pursuant to the TCPA. *See id.* (entitled "Damages and Costs"). Approximately five hours after Rauhauser filed his motion to dismiss, Appellees filed a notice of nonsuit, nonsuiting all of their claims against all defendants without prejudice to refiling them. Appellees' notice of nonsuit indicated that they had decided to pursue their claims in federal court in California, and a copy of that petition— asserting the same claims as the petition in this suit—was attached. A couple of days later, the trial court signed an order granting Appellees' motion to dismiss without prejudice.

Subsequently, Rauhauser filed a supplemental motion to dismiss, providing an affidavit concerning his attorney's fees and again requesting sanctions to deter future similar suits by Appellees. Appellees then filed a plea to the jurisdiction, plea in abatement, motion to stay, and a reply and a supplemental reply to Rauhauser's motion to dismiss. The trial court conducted a hearing on Rauhauser's motion to dismiss but failed to sign an order ruling on the motion, which resulted in the motion being denied by operation of law. *See id.* § 27.008(a). Rauhauser timely perfected this interlocutory appeal from the denial of his motion. *See id.*

### III. RAUHAUSER'S ISSUES

In his first four issues, Rauhauser argues that the trial court erred by failing to grant his motion to dismiss because he established by a preponderance of the

4

evidence that the suit against him was based on, related to, or was in response to his exercise of free speech; Appellees failed to marshal clear and specific evidence of a prima facie case for each element of their claims against him; and his motion to dismiss survived Appellees' nonsuit.  In his fifth issue, Rauhauser requests that, if this court holds that the trial court erred by not granting his motion to dismiss, we render judgment for him on his claim for attorney's fees and sanctions.

## IV.  RAUHAUSER'S TCPA MOTION TO DISMISS SURVIVED APPELLEES' NONSUIT

We address Rauhauser's fourth issue first.  In that issue, Rauhauser asserts that the trial court erred by failing to grant his motion to dismiss because it survived Appellees' nonsuit.

Under Texas law, parties have an absolute right to nonsuit their own claims for relief at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial.  Tex. R. Civ. P. 162; *Villafani v. Trejo*, 251 S.W.3d 466, 468–69 (Tex. 2008).  Although a plaintiff decides which of its own claims to pursue or to abandon, that decision does not control the fate of a nonmoving party's independent claims for affirmative relief.  Tex. R. Civ. P. 162; *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300–01 (Tex. 2013); *Villafani*, 251 S.W.3d at 468–69; *Klein v. Dooley*, 949 S.W.2d 307, 308 (Tex. 1997).

The law is well-settled that a defendant's motion to dismiss that may afford more relief than a nonsuit affords constitutes a claim for affirmative relief that

5

survives a nonsuit, as evidenced by three Texas Supreme Court per curiam opinions. *See, e.g.*, *CTL/Thompson*, 390 S.W.3d at 300–01; *Villafani*, 251 S.W.3d at 468–69; *Klein*, 949 S.W.2d at 308. *CTL/Thompson* involved a suit against a design professional; the Texas Supreme Court held that, despite the plaintiff's nonsuit, the defendant design professional was entitled to be heard on its statutorily-based motion to dismiss, asserting that the plaintiff had failed to file a certificate of merit and moving for dismissal with prejudice as authorized by the statute. 390 S.W.3d at 300. *Villafani* involved a health care liability claim; the Texas Supreme Court held that, despite the plaintiff's nonsuit, a health care provider defendant was entitled to be heard on his statutorily-based motion to dismiss, asserting that the plaintiff's expert reports did not satisfy statutory requirements and moving for dismissal with prejudice and for attorney's fees as authorized by the statute. 251 S.W.3d at 470. *Klein* involved a suit under the Deceptive Trade Practices Act (DTPA) by homebuyers against the seller and real estate agents; the Texas Supreme Court explained that, despite the plaintiffs' nonsuit, the trial court properly heard the DTPA defendants' statutorily-based motion, asserting that the DTPA claims were groundless or made in bad faith or for the purposes of harassment and seeking costs and attorney's fees as authorized by the DTPA. 949 S.W.2d at 307. Applying the holdings of these cases to the present facts, despite Appellees' nonsuit, Rauhauser was entitled to be heard on his statutorily-based motion to dismiss seeking dismissal with prejudice, attorney's fees, and sanctions; Rauhauser's motion to dismiss may

6

afford him more relief than the nonsuit and therefore constitutes a claim for affirmative relief that survives Appellees' nonsuit. *See CTL/Thompson*, 390 S.W.3d at 300–01; *Villafani*, 251 S.W.3d at 468–69; *Klein*, 949 S.W.2d at 308.

Appellees nonetheless contend that this line of cases should not apply to the present facts because Rauhauser had not been served with citation when he filed an answer and the motion to dismiss[2] and because Rauhauser was aware before filing the motion to dismiss that Appellees were going to nonsuit the present case and to instead include him as a defendant in an almost identical federal case in California. Appellees point out that they attached a copy of the California federal court petition to their notice of nonsuit. Appellees also complain that Rauhauser's TCPA motion to dismiss is a procedural tactic that he intends to use to his advantage in the federal lawsuit in California. The truth of these facts, however, does not alter the applicability of the above cases. Appellees do not cite, and we have not located, any cases indicating that a defendant's choice to file an answer before service of citation, a defendant's knowledge of an upcoming nonsuit, a plaintiff's good faith in filing a nonsuit, or a defendant's intent to use a dismissal in another lawsuit against him by the same plaintiffs are relevant factors in determining whether a defendant's motion to

---

[2]Rauhauser also filed a special appearance and filed his answer and motion to dismiss subject thereto.

7

dismiss constitutes a claim for affirmative relief that survives a nonsuit.[3]  Instead, when dismissal under a statutory provision enacted for the purpose of deterring the filing of frivolous lawsuits would grant the defendant moving for dismissal under that statutory provision more relief than the nonsuit, the defendant's dismissal motion survives the nonsuit without regard to the defendant's knowledge of the upcoming nonsuit or the plaintiff's good faith in filing the nonsuit.  *See, e.g.*, *Villafani*, 251 S.W.3d at 470 (explaining that when purpose of statutory provision authorizing a motion for dismissal, sanctions, and attorney's fees is deterrence of frivolous claims, "[r]emoving a defendant's ability to appeal a denial of [the motion for dismissal, sanctions, and attorney's fees] after a nonsuit frustrates this purpose; a claimant could simply nonsuit a meritless claim and later re-file the claim with impunity").

Because Rauhauser's statutorily-based motion to dismiss—asserting that Appellees' claims were based on, related to, or were in response to his exercise of free speech and moving for dismissal with prejudice, sanctions, and attorney's fees as authorized by the TCPA—constituted a claim for affirmative relief that survived Appellees' nonsuit, we sustain Rauhauser's fourth issue.  *See*

---

[3]We note, however, that these facts may be relevant on remand to the trial court's determination and award of "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require."  *See Sullivan v. Abraham*, No. 07-13-00296-CV, 2014 WL 5140289, at *1 (Tex. App.—Amarillo Oct. 13, 2014, no pet. h.).

*CTL/Thompson*, 390 S.W.3d at 300–01; *Villafani*, 251 S.W.3d at 468–69; *Klein*, 949 S.W.2d at 308.

## V. DENIAL OF RAUHAUSER'S MOTION TO DISMISS WAS ERROR

### A. The TCPA

The Texas Legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002 (West Supp. 2014). To achieve these ends, the legislature provided that if a legal action is brought in response to the party's exercise of the right of free speech, the right to petition, or the right of association, that person may move to dismiss the action. *Id.* § 27.003(a) (West Supp. 2014). The movant bears the initial burden to show by a preponderance of the evidence that the action "is based on, relates to, or is in response to a party's exercise" of any of the aforementioned constitutional rights. *Id.* § 27.005(b). If the movant satisfies this burden, the trial court must dismiss the legal action unless the party who brought the action "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(b), (c); *see United Food & Commercial Workers Int'l Union v. Wal-Mart Stores, Inc.*, 430 S.W.3d 508, 511 (Tex. App.—Fort Worth 2014, no pet.).

9

## B. Standard of Review

We review de novo a trial court's ruling on a motion to dismiss under the TCPA. *See United Food*, 430 S.W.3d at 511; *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 724–27 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Accordingly, we review de novo whether (1) the movant satisfied the initial burden imposed by section 27.005(b), and (2) the nonmovant satisfied the burden imposed by section 27.005(c). In reviewing the trial court's determination of whether the burdens imposed by section 27.005(b) and (c) have been met, we consider the pleadings and supporting and opposing affidavits stating the facts on which the liability is based. *Accord* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a) (West Supp. 2014) (requiring the trial court to consider these items); *United Food*, 430 S.W.3d at 511; *Sierra Club v. Andrews Cnty.*, 418 S.W.3d 711, 715 (Tex. App.—El Paso 2013, pet. filed).

## C. Application of the Law to the Present Facts

In his first, second, and third issues, Rauhauser asserts that the trial court erred by not granting his motion to dismiss because the statutory requisites for dismissal were satisfied. We address his first and third issues in turn.[4]

---

[4]In his second issue, Rauhauser argues that even hateful statements on matters of public concern do not lose constitutional protection. We need not address whether Rauhauser's alleged "terroristic threats" to, "cyber-stalking" of, and "harassment" of McGibney via online postings constitute protected speech because Appellees generally plead this conduct (*see infra* footnote 6) and because proof of protected speech is not part of a defendant's initial burden under section 27.005(b) of the TCPA; instead, a plaintiff may offer proof of unprotected speech by a defendant as part of the plaintiff's clear and specific

### 1. Rauhauser Met His Initial Burden Under the TCPA

Rauhauser bore the initial burden on his motion to dismiss to show by a preponderance of the evidence that Appellees' action "is based on, relates to, or is in response to" the exercise of the right to free speech. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b); *Sierra Club*, 418 S.W.3d at 715. The "[e]xercise of the right of free speech" is defined as "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3) (West Supp. 2014). "Communication" is defined as including "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). The phrase "[m]atter of public concern" is defined as "an issue related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." *Id.* § 27.001(7).

Rauhauser's motion to dismiss alleged that McGibney was a public figure. Accordingly, the motion asserted that any communications Rauhauser had made concerning McGibney—by virtue of application of the TCPA's definitions— constituted communications in connection with a public figure and therefore met

---

evidence of each essential element of each claim against the defendant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b), (c); *accord In re Lipsky*, 411 S.W.3d 530, 543 (Tex. App.—Fort Worth 2013, orig. proceeding [mand. pending]) (explaining that TCPA's section 27.005(b)'s initial burden does not require a defendant to prove that his communication was not false).

the TCPA's definition of the exercise of free speech. Rauhauser's motion to dismiss alleged that Appellees had sued him in response to this exercise of free speech. Rauhauser denied making the four specific statements concerning McGibney that were alleged in Appellees' petition to have been made by "Retzlaff and other Defendants" but pointed out that Appellees had sued him for "the same, indivisible misconduct as Retzlaff's misconduct at issue in this case" and for "this pattern of cyber-stalking, cyber-terrorism, defamation and harassment." Rauhauser does not deny posting comments about McGibney; he denies posting the four comments itemized in Appellees' pleading as attributed to "Retzlaff and other Defendants."

In support of his motion to dismiss, Rauhauser attached affidavits and evidence. To establish that McGibney was a public figure, Rauhauser attached affidavit testimony offered on behalf of McGibney in other litigation. The affidavit was made by an Associate Professor of Advertising and Public Relations and states that McGibney is the main operator and public face of numerous online properties owned by ViaView and its subsidiary company, CheaterVille, Inc.; that McGibney regularly talks to the press about important issues such as bullying and infidelity; and that McGibney makes regular appearances on behalf of the internet social media services BullyVille and CheaterVille, including media appearances on Univision, *The Dr. Phil Show*, *The Anderson Cooper Show*, *The Maury Povich Show*, *Extra!*, KSNV My News 3 (Las Vegas's NBC-affiliate station), KXTI Fox 40 (Sacramento, California's FOX–affiliate station), *The*

12

*Huffington Post*, *The Las Vegas Sun*, *BetaBeat*, and others. Rauhauser also attached to his motion to dismiss a copy of an online CBS news article. That article is dated June 4, 2012, and announced that McGibney would be launching and hosting a new radio show called *VocalVille*; that the program would air on CBS radio in Las Vegas and would "stream live to the millions of online Ville fans across the globe"; and that the program would "allow people to sound off and speak their minds on numerous topics including bullying, karma, cheating, love, lust[,] and everyday lifestyle matters." The article quotes McGibney as thanking CBS and stating, "When we launched our CheaterVille ad campaign on the CBS Super Screen in Times Square last year, over 22.5 million people learned about CheaterVille for the first time[,] and we haven't looked back since." The article ends with the statement, "It's time for everyone to be heard and say what they feel, VocalVille – the choice for your voice!" Finally, Rauhauser attached a copy of an online article discussing a "revenge porn"[5] website purchased by McGibney for the purpose of shutting it down.

Appellees assert that Rauhauser failed to meet his burden of showing by a preponderance of the evidence that their action against him is based on, is related to, or is in response to his exercise of free speech for two reasons. First, Appellees assert that, as a matter of law, chapter 27 does not apply because

---

[5]According to the article, "revenge porn" websites provide a website "where disgruntled exes upload naked and sexually explicit photos of their former paramours." Also according to the article, several states have criminalized such conduct.

Rauhauser denied making the four statements set forth in Appellees' petition. Second, Appellees contend that Rauhauser did not show by a preponderance of the evidence that McGibney is a public figure. We address both of these contentions.

Appellees first assert that—because the purpose of the TCPA is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law—the TCPA cannot apply to protect free speech when the defendant denies making the statement at issue. *See Pickens v. Cordia*, 433 S.W.3d 179, 188 (Tex. App.—Dallas 2014, no pet.) (agreeing that "since Michael denied sending the email, there can be no evidence the lawsuit was related to Michael's exercise of free speech and no chapter 27 basis for dismissing the claim"); *see also Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 881 n.16 (Tex. App.—Dallas 2014, no pet.) (relying on *Pickens*). We agree that a defendant who denies making any communication may not obtain dismissal by also simultaneously claiming that he was exercising his right of free speech by making a communication. *See Pickens*, 433 S.W.3d at 188. But here, Rauhauser does not deny making any communication about McGibney; he denies making the four specific statements itemized in Appellees' petition, and he filed Retzlaff's affidavit, in which Retzlaff denied involvement with Rauhauser. A review of Appellees' petition demonstrates that Appellees' claims against Rauhauser are not based only on the four statements itemized in Appellees'

14

petition but are also based on other, non-itemized statements in postings and online activities by Rauhauser concerning McGibney.[6]  As such, Appellees' claims against Rauhauser are based on "communications" under the TCPA.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1) (defining "[c]ommunication" as including "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic").  We hold that neither Rauhauser's assertion that he did not make the four statements listed in Appellees' pleading and attributed to Retzlaff, nor Retzlaff's denial that he was involved with Rauhauser, preclude application of the TCPA as a matter of law as claimed by Appellees.

Appellees also assert that Rauhauser failed to meet his burden of showing by a preponderance of the evidence that their claims against him are based on, related to, or are in response to his exercise of free speech because Rauhauser did not show by a preponderance of the evidence that McGibney is a public figure.  The TCPA does not provide a definition for the term "public figure," so we look to the technical meaning that the term "public figure" has acquired in First

---

[6]For example, in addition to alleging that all Defendants joined with Retzlaff in the four itemized statements, Appellees' petition alleges in a different paragraph that "Defendants have made multiple terroristic threats against McGibney, . . . .  Defendants are engaging in cyber-stalking and harassment of McGibney, . . . .  Defendants have engaged in blackmail and extortion, . . . .  Defendants' postings are in fact verbal acts that are specifically intended to harass, intimidate, [and] annoy . . . [McGibney] . . . ."  Appellees also sought punitive damages "against each and every Defendant, jointly and severally . . . to deter any future misconduct [the only misconduct alleged is internet postings]."

15

Amendment cases. *See* Tex. Gov't Code Ann. § 311.011(b) (West 2013) (instructing that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly").

There are two classes of "public figures": (1) general-purpose public figures, who are individuals who "achieve such pervasive fame or notoriety that [they] become[] . . . public figure[s] for all purposes and in all contexts"; and (2) limited-purpose public figures, who are persons who "thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved . . . invit[ing] attention and comment"; who voluntarily "inject[] [themselves] or [are] drawn into a particular public controversy . . . assum[ing] special prominence in the resolution of public questions"; and who "thrust [themselves] into the vortex of [a] public issue . . . [or] engage the public's attention in an attempt to influence its outcome." *Klentzman v. Brady*, 312 S.W.3d 886, 904–05 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345, 351, 352, 94 S. Ct. 2997, 3009, 3012, 3013 (1974)). To determine whether a person is a limited-purpose public figure, Texas courts apply a three-part test: (1) the controversy at issue must be public both in the sense that people are discussing it and in the sense that people other than the immediate participants in the controversy are likely to feel the impact of its resolution; (2) the plaintiff must have more than a trivial or tangential role in the controversy; and (3) the alleged defamation must be

16

germane to the plaintiff's participation in the controversy. *WFAA-TV v. McLemore*, 978 S.W.2d 568, 572 (Tex. 1998), *cert. denied*, 526 U.S. 1051 (1999).

The evidence attached to Rauhauser's motion to dismiss is sufficient to show by a preponderance of the evidence—for purposes of meeting the burden imposed by section 27.005(b) of the TCPA—that McGibney is a limited-purpose public figure with respect to promoting "vigilante justice" through public, online disclosures and postings by victims of bullies and cheaters to punish and humiliate perpetrators. The issues publicized on these websites and the discussions encouraged are public in the sense that people are discussing them and are public in the sense that people other than these participants are likely to feel the impact of resolution of the issues. *See, e.g.*, *Pickens*, 433 S.W.3d at 185–87 (explaining that evidence supporting defendant's TCPA motion to dismiss "suggests" that T. Boone Pickens was a limited-purpose public figure with respect to energy-related issues). McGibney has more than a trivial or tangential role in the controversy; he is the founder of the websites and frequently personally responds to the postings on them. Rauhauser's evidence shows that McGibney thrust himself to the forefront of the public controversy of "vigilante justice"—attained by publically shaming alleged bullies and unfaithful paramours via postings on BullyVille and CheaterVille, respectively—in part via a 2012 ad campaign on the CBS Super Screen in Times Square where over 22.5 million people learned about CheaterVille for the first time. And by posting his

17

comments and views, McGibney invites public criticism and rebuttal; a person entering voluntarily into one of the submarkets of ideas and opinions consents to the rough competition in the marketplace. *See McLemore*, 978 S.W.2d at 573. And finally, the defamatory conduct Rauhauser allegedly engaged in is germane to McGibney's participation in the controversy; the allegedly defamatory postings by Rauhauser allegedly occurred on the "ville" websites, primarily BullyVille. Thus, Rauhauser met his burden to show by a preponderance of the evidence that McGibney is a limited-purpose public figure with respect to the controversy of "vigilante justice" attained by victims of bullying and cheating via posting photos and information about their perpetrators on BullyVille and CheaterVille. *See Vice v. Kasprzak*, 318 S.W.3d 1, 15–16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (explaining that plaintiff met all three prongs of the limited-purpose public-figure test); *accord Pickens*, 433 S.W.3d at 187 (explaining that defendant met his initial burden under the TCPA of establishing the first two prongs of the three-part, limited-purpose public-figure test but failed to establish the third prong—that the allegations in the lawsuit were germane to T. Boone's participation in the energy controversy). We hold that Rauhauser met his burden under section 27.005(b) of the TCPA of establishing by a preponderance of the evidence that McGibney is a limited-purpose public figure.[7] *See* Tex. Civ. Prac.

---

[7]Our holding that Rauhauser established that McGibney is a limited-purpose public figure is a narrow one. We express no opinion on whether a different conclusion on McGibney's public-figure status could be reached in a trial on the merits. We hold only that for purposes of meeting his initial burden under

18

& Rem. Code Ann. § 27.005(b). Therefore, all "communications" made by Rauhauser in connection with an issue related to McGibney, as a limited-purpose public figure, fall within the TCPA's definition of "[e]xercise of the right of free speech." *See id.* § 27.001(1) (defining "[c]ommunication" as the submitting of a statement in any medium); § 27.001(7)(D) (defining "[m]atter of public concern" to include an issue related to a public figure); § 27.001(3) (defining "[e]xercise of the right of free speech" to mean a "communication made in connection with a matter of public concern"). Having addressed Appellees' contentions that Rauhauser failed to meet his initial burden under section 27.005(b) of the TCPA and having reviewed the record before us de novo, we hold that Rauhauser established by a preponderance of the evidence that McGibney's claims against him are based on, are related to, or are in response to his exercise of free speech, and we sustain in part Rauhauser's first issue. *Accord id.* § 27.005(b); *United Food*, 430 S.W.3d at 511.

Appellees argue that even if Rauhauser established by a preponderance of the evidence that McGibney is a public figure, Rauhauser did not attempt to establish ViaView's public-figure status. We agree that Rauhauser did not attempt to establish ViaView's public-figure status; in fact, Rauhauser's motion to dismiss affirmatively states that ViaView is not a public figure. Consequently, to

section 27.005(b) of the TCPA, Rauhauser established by a preponderance of the evidence that McGibney is a limited-purpose public figure with respect to the issue of "vigilante justice" promoted on the BullyVille and CheaterVille websites. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b).

the extent that ViaView asserts claims against Rauhauser for damages arising from communications other than communications in connection with an issue related to McGibney, Rauhauser has failed to establish by a preponderance of the evidence that those claims were based on his exercise of the right of free speech. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1), (3), (7). ViaView's claim for business disparagement and for tortious interference with business relationships are the only two such claims pleaded; in those claims, ViaView alleges that "Defendants consistently and habitually disparage the business of ViaView through false statements, outright lies, and accusations of misconduct by ViaView and its website that have no basis in fact." ViaView alleges that "Defendants' tortious business disparagement and interference with ViaView's business relationships have proximately caused ViaView substantial actual business losses and pecuniary damages," including the loss of advertisers on BullyVille. To the extent that ViaView's claims against Rauhauser for business disparagement and for tortious interference with business relationships are not based on alleged communications by Rauhauser made in connection with an issue related to McGibney, Rauhauser did not establish by a preponderance of the evidence that these claims by ViaView were based on, were related to, or were in response to his exercise of free speech as required to meet his initial burden under section 27.005(b). *See id.* § 27.005(b). We overrule Rauhauser's first issue in part.

20

## 2. Appellees Did Not Meet Their Burden Under the TCPA

Once Rauhauser met his initial burden under the TCPA concerning the claims against him that are based on communications by Rauhauser made in connection with an issue related to McGibney, the trial court was required to dismiss those claims unless Appellees established by clear and specific evidence a prima facie case for each essential element of the claims in question. *See id.* § 27.005(b), (c); *United Food*, 430 S.W.3d at 511. Appellees did not attempt to meet this burden in the trial court; instead, Appellees asserted through the filing of a reply to Rauhauser's motion to dismiss and through the filing of various other documents in the trial court that Rauhauser's motion to dismiss did not survive the nonsuit, that the trial court lacked jurisdiction over Rauhauser's motion to dismiss after the nonsuit because the controversy between the parties was moot, that Rauhauser had knowledge of the upcoming nonsuit when he filed his motion to dismiss, that Appellees had nonsuited their claims in good faith, and that the trial court should stay the motion to dismiss in light of the federal suit in California.[8] Likewise, Appellees' brief does not assert that Appellees met this burden. Accordingly, we hold that although Appellees urged the trial court to dismiss, deny, or stay Rauhauser's motion to dismiss for numerous reasons, they did not meet their burden under the TCPA to establish by clear and specific

---

[8]Appellees also asserted that Rauhauser had not met his initial burden under the TCPA; we have addressed Appellees' arguments related to whether Rauhauser met his initial burden in the preceding section of this opinion.

21

evidence a prima facie case for each essential element of their claims against Rauhauser. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c); *United Food*, 430 S.W.3d at 511. The trial court was therefore required to dismiss all claims based on communications by Rauhauser made in connection with an issue related to McGibney. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b); *Shipp v. Malouf*, 439 S.W.3d 432, 442 (Tex. App.—Dallas 2014, pet. filed) (rendering judgment of dismissal because defendant established the action was based on or related to his exercise of his right of free speech, but the plaintiffs failed to establish by clear and specific evidence a prima facie case for each essential element of their claims). We sustain Rauhauser's third issue.

## VI. REMAND OF RAUHAUSER'S CLAIM FOR ATTORNEY'S FEES AND SANCTIONS

In his fifth issue, Rauhauser argues that if this court determines that the trial court erred by not granting his motion to dismiss, we should render judgment for him on his claim for attorney's fees and sanctions pursuant to section 27.009 of the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009. He claims that he attached uncontested evidence of attorney's fees and sanctions to the supplement to his motion to dismiss.

Section 27.009 provides, in pertinent part:

(a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:

(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

*Id.* § 27.009(a). This section requires a trial court to award court costs, attorney's fees, and other expenses incurred in defending the legal action *as justice and equity may require.* *Id.* § 27.009(a)(1). Although an award of costs, attorney's fees, and expenses is mandatory under this section, the sums awarded can be no more than what is reasonable and may be less than that in view of pertinent considerations of justice and equity. *Sullivan*, 2014 WL 5140289, at *2. Likewise, the trial court's obligation to award a sanction against the party who brought a legal action that is dismissed under the TCPA is mandatory. *Id.* at *4–5 (remanding section 27.009 dismissal order to trial court to impose sanction). But the trial court possesses discretion to determine the sanction amount that is required to deter the party who brought the legal action from bringing similar actions in the future. Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(2). Because section 27.009's mandatory provisions requiring an award of court costs, attorney's fees, expenses, and sanctions nonetheless require the trial court to exercise its discretion to determine the amount of court costs, attorney's fees, and other expenses that justice and equity require to be awarded and the amount of sanctions sufficient to deter the party who brought the legal action from bringing similar actions, and because the trial court here has not had the opportunity to make these determinations, we must remand the case to the trial court for entry of an order of dismissal and for purposes of compliance with

23

section 27.009(a)(1) and (2). *See Schimmel v. McGregor*, 438 S.W.3d 847, 863 (Tex. App.—Houston [1st Dist.] 2014, no pet. h.) (reversing trial court's order denying motion to dismiss under the TCPA and remanding the case to the trial court for further proceedings consistent with section 27.009(a)); *Shipp*, 439 S.W.3d at 442 (same); *Young v. Krantz*, 434 S.W.3d 335, 344–45 (Tex. App.—Dallas 2014, no pet.) (same); *Farias v. Garza*, 426 S.W.3d 808, 820 (Tex. App.—San Antonio 2014, pet. filed) (same); *Avila v. Larrea*, 394 S.W.3d 646, 662 (Tex. App.—Dallas 2012, pet. denied) (same).

Appellees argue that Rauhauser is not entitled to attorney's fees and sanctions because a party moving for dismissal is eligible for an award of attorney's fees and sanctions only after a trial court grants a dismissal and orders dismissal. Appellees point out that no order granting dismissal exists in this case; Rauhauser's motion for dismissal was denied by operation of law. Because we have held that Rauhauser met his initial burden under the TCPA concerning the claims against him that are based on communications by him made in connection with an issue related to McGibney, because Appellees filed a nonsuit instead of attempting to establish by clear and specific evidence a prima facie case for each essential element of those claims, because Rauhauser's motion to dismiss survives Appellees' nonsuit, and because this case is remanded to the trial court for entry of an order of dismissal, Rauhauser is eligible for an award of costs, attorney's fees, expenses, and sanctions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009.

24

We overrule Rauhauser's fifth issue requesting that we render judgment for him for costs, attorney's fees, expenses incurred, and sanctions.

## VII. CONCLUSION

Having sustained Rauhauser's first issue in part and his third and fourth issues, having overruled his fifth issue, and having determined that we need not address his second issue, we reverse the denial by operation of law of Rauhauser's motion to dismiss under the TCPA as to all McGibney's claims against Rauhauser and as to all ViaView's claims against Rauhauser that are based on alleged communications made by Rauhauser in connection with an issue related to McGibney. To the extent that ViaView's claims against Rauhauser for business disparagement and for tortious interference with business relationships are not based on alleged communications made by Rauhauser in connection with an issue related to McGibney, Rauhauser has failed to meet his section 27.005(b) burden to obtain dismissal under the TCPA of those claims. We remand this case to the trial court to enter an order of dismissal in accordance with this opinion and for further proceedings relating to Rauhauser's court costs, attorney's fees, expenses, and sanctions under section 27.009(a)(1) and (2) of the TCPA.

PER CURIAM[9]

DELIVERED: December 11, 2014

---

[9]Pursuant to rule 2, the requirements of rule 47.2(a) are suspended from operation in this case. *See* Tex. R. App. P. 2, 47.2(a).