**Affirm and Opinion Filed May 11, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01107-CV

**SASSIN & ASSOCIATES, P.C., FAHEEM BADY SASSIN, E.E. "TREY" TAYLOR, III, AND E.E. "TREY" TAYLOR & ASSOCIATES, PLLC, Appellants**

**V.**

**ARACELDA HERNANDEZ, INDIVIDUALLY AND AS NEXT FRIEND OF A.G. AND M.G., MINORS, AND ANTONIO GONZALEZ, INDIVIDUALLY AND AS NEXT FRIEND OF J.G. AND A.G., MINORS, Appellees**

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-01724-2015**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Francis

Aracelda Hernandez, individually and as next friend of A.G. and M.G., minors, and Antonio Gonzalez, individually and as next friend of J.G. and A.G., minors, sued Sassin & Associates, P.C., Faheem Bady Sassin, E.E. "Trey" Taylor III, and E.E. "Trey"" Taylor & Associates, PLLC for statutory barratry and civil conspiracy under joint enterprise, partnership, agency, and respondeat superior theories of liability. Appellants moved to dismiss the suit under chapter 27 of the Texas Civil Practices and Remedies Code (the Texas Citizens Participation Act, commonly known as an anti-SLAPP statute). When the trial court failed to rule on the motions within the time period set out in the statute, the motions were denied by operation of

law. Appellants filed this interlocutory appeal, challenging the denial of the motions. We affirm.

Hernandez, Gonzalez, and their four sons were in an automobile accident December 11, 2011. Less than a week after the accident, a "Hispanic man" went to the Hernandez/Gonzales home to speak with them. According to Hernandez, the man had a copy of the police report and told her "it was good to have a lawyer represent[ing]" them. The man said he worked for a "very good lawyer," handed them a business card, and asked if they wanted to sign up with the lawyer he recommended. Hernandez said they would think about it.

About two days later, the man returned. When Hernandez told him she and Gonzalez had decided to hire a lawyer, the man got a fee agreement from his car and had the couple sign it. Hernandez said someone from E.E. "Trey" Taylor & Associates called a few days later and gave the couple the name of a body shop and a clinic for physical therapy.

About a year later, E.E. "Trey" Taylor & Associates referred the case to Faheem Bady Sassin and Sassin & Associates, P.C., who filed suit against Arturo Enoe Marroquin-Ramirez on behalf of appellees. Because Marroquin-Ramirez had been deported and his liability carrier denied appellees' claim under a reservation of rights, appellees' lawsuit was dismissed without prejudice. Approximately two years later, appellees filed this lawsuit.

In three issues, the Taylor appellants contend the trial court erred by failing to grant their anti-SLAPP motion and awarding attorney's fees because appellants' rights of free speech and association were protected and appellees presented no evidence in support of their allegations. The Sassin appellants raise the same three arguments and also contend appellees failed to show the commercial speech exemption applied to their claims and the trial court erred by not granting the motion based on their protected rights of petition.

The Texas Citizens Participation Act allows a defendant to move for dismissal of a cause of action if that claim is based on, relates to, or is in response to the defendant's exercise of the right of free speech, the right to petition, or the right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a) (West 2015). Each of these rights is statutorily defined as involving communications. *See id*. § 27.001(a)(2)−(4). A communication "includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*. § 27.001(a)(1).

The movant bears the initial burden of showing by a preponderance of the evidence "that the legal action is based on, relates to, or is in response to the party's exercise of" a statutorily protected right. *See id*. § 27.005(b). A defendant who denies making the communication at issue cannot rely on Chapter 27. *Pickens v. Cordia*, 433 S.W.3d 179, 188 (Tex. App—Dallas 2014, no pet.). Thus, when a defendant denies making the relevant statements, the dismissal motion necessarily denies that the claim is based on, relates to, or is in response to "the party's exercise of . . . the right of free speech" and the defendant is not entitled to a dismissal under the statute. *Tatum v. Hersh*, No. 05-14-01318-CV, 2015 WL 9583494, at *8 (Tex. App.—Dallas Dec. 30, 2015, pet. filed) (defendant who denies making any communication may not obtain dismissal by also simultaneously claiming he was exercising right of free speech by making communication); *see Jardin v. Marklund*, 431 S.W.3d 765, 773–74 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (statute did not apply because defendant did not make communications); *see also Rauhauser v. McGibney*, No. 02-14-00215-CV, 2014 WL 6996819, at *5 (Tex. App.—Fort Worth 2014, no pet.) (per curiam) (dismissal proper because petition alleged defendant made other communications that defendant did not deny making).

Here, appellees sued for statutory barratry and civil conspiracy, alleging that appellants "caused direct contact to be made with [appellees] in person at their Collin County residence

within 7 days of their car accident, for the express purpose of soliciting legal representation and medical services." The record shows both Taylor and Sassin denied the actions that gave rise to the appellees' complaint. Specifically, they denied participating in a conspiracy to commit barratry or causing direct contact to be made with appellees or making or conspiring to make the complained-of statements.

In his affidavit in support of the motion to dismiss, Taylor stated:

> I certainly did not participate in a conspiracy to commit barratry or cause any direct contact to be made with the Clients in person at their residence for the express purpose of soliciting legal representation or medical services in December 2011.

Likewise, in his affidavit, Sassin asserted he

> did not know the Clients, know about their claims, or know that they existed on this earth until the Fall of 2012. . . I certainly did not participate in a conspiracy to commit barratry or cause any direct contact to be made with the Clients in person at their residence for the express purpose of soliciting legal representation or medical services in December 2011.

Because appellants deny making the communications which were the basis of appellees' claims, we conclude they are not entitled to invoke the protection of chapter 27. *See Tatum*, 2015 WL 9583494, at *8; *Pickens*, 433 S.W.3d at 188. Under these circumstances, we cannot conclude the trial court erred by denying their motions. We overrule Taylor's three issues and Sassin's five issues.

We affirm the trial court's order.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

151107F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SASSIN & ASSOCIATES, P.C., FAHEEM
BADY SASSIN, E.E. "TREY" TAYLOR,
III, AND E.E. "TREY" TAYLOR &
ASSOCIATES, PLLC, Appellants

No. 05-15-01107-CV      V.

ARACELDA HERNANDEZ,
INDIVIDUALLY AND AS NEXT FRIEND
OF A.G. AND M.G., MINORS, AND
ANTONIO GONZALEZ, INDIVIDUALLY
AND AS NEXT FRIEND OF J.G. AND
A.G., MINORS, Appellees

On Appeal from the 417th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 417-01724-2015.
Opinion delivered by Justice Francis,
Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Aracelda Hernandez, individually and as next friend of A.G. and M.G., minors, and Antonio Gonzalez, individually and as next friend of J.G. and A.G., minors recover their costs of this appeal from appellant Sassin & Associates Law Firm, P.C., Faheem Bady Sassin, E.E. "Trey" Taylor, III, and E.E. "Trey" Taylor & Associates, PLLC.

Judgment entered May 11, 2016.