# IN THE SUPREME COURT OF TEXAS

No. 16-0096

JULIE HERSH, PETITIONER,

v.

JOHN TATUM AND MARY ANN TATUM, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

JUSTICE BOYD, concurring.

Although I join the Court's judgment, its analysis improperly and unnecessarily limits the scope and effect of the Texas Citizens Participation Act. TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. The Court gets distracted by the intriguing issue of whether a defendant can "show by the preponderance of the evidence" that an action is "based on" her exercise of free speech when she in fact denies making the statements on which the action is "based." But here, Julie Hersh indisputably established that the action "relates to" and "is in response to" her exercise of free speech regardless of whether she made the statements on which the action is "based." The Court focuses solely on the statute's "based on" language and ignores the "relates to" and "in response to" standards. Because the Court thus construes the TCPA more narrowly than its plain language requires or permits, I respectfully concur.

John and Mary Tatum sued Hersh for intentional infliction of emotional distress, alleging that Hersh, a suicide-prevention advocate, spoke to a reporter and encouraged him to write about

the death of the Tatums' son, Paul. Hersh moved to dismiss the claim under the TCPA. To prevail on her dismissal motion, Hersh had to "show[] by a preponderance of the evidence" that the Tatums' claim "is *based on*, *relates to*, or *is in response to* [her] exercise of . . . the right of free speech," meaning her "communication . . . made in connection with a matter of public concern." *Id.* §§ 27.001(3), .005(b)(1) (emphasis added).

Hersh admitted that she spoke to the reporter about suicide-awareness issues but denied that she ever said anything about Paul or the Tatums. The Tatums argued, and the court of appeals held, *see —* S.W.3d —, —, that the Act imposes an *evidentiary* burden on Hersh, requiring her to show "by a preponderance of the evidence" that their claim is *in fact* based on her communications regarding a matter of public concern. They do not agree that Paul's death is a matter of public concern, but even if it were, they contend that Hersh had to actually submit evidence, or at least submit their pleadings as evidence under rule 801 of the Rules of Evidence, to establish that their claim is based on her exercise of free speech regarding Paul's death. *See* TEX. R. EVID. 801(e)(2) (excluding from the definition of hearsay an admission by a party-opponent). Because Hersh did not submit testimony or their pleadings as evidence that she spoke to the reporter about Paul's death, the Tatums contend Hersh did not meet her burden.

Focusing solely on the statute's "based on" language, the Court agrees that Hersh had to show that the Tatums' action is "based on" her statements *about Paul's death. Ante* at ___.The Court then holds that Hersh met this burden, even though she "denies making the communication on which the Tatum's suit *is based*," *ante* at __ (emphasis added), simply by pointing to "the language used in the Tatums' pleadings." *Ante* at __. In the Court's view, Hersh showed "by a preponderance of the evidence" that the Tatums' claim is based on Hersh's exercise of free speech

2

by showing that the Tatums "alleged" that she made a communication regarding Paul's death, even though she denied making any such communication. *Ante* at __.

I agree with the Court's result, but for different reasons. The Act did not require Hersh to show by a preponderance of the evidence that her exercise of free speech is "the basis of [the Tatums'] action against her." *Ante* at __. It required her to show that their claim "is based on, relates to, *or* is in response to [her] exercise of . . . the right of free speech." TEX. CIV. PRAC. & REM. CODE § 27.005(b) (emphasis added). Hersh showed by a preponderance of the evidence that she communicated with a reporter about suicide awareness, stigmatization, and prevention. These are matters of public concern. *See id.* § 27.001(3), (7) (including in the definition of "free speech" communications regarding "a matter of public concern," such as health or safety and community well-being). Although the Tatums' claim may be "based on" communications she allegedly made about Paul's death, their claim nevertheless "relates to" and "is in response to" her communications with the reporter about suicide awareness and prevention. Regardless of whether Hersh admits or denies discussing Paul's death during those communications, she established by a preponderance of the evidence that the Tatums' claim relates to or is in response to her exercise of the right of free speech.

The outcome might or might not be different if Hersh denied ever communicating with the reporter. Hersh would be hard-pressed to "show by a preponderance of the evidence" that the Tatums' claim is based on her exercise of the right of free speech if she denied exercising that right at all. Like the court of appeals in this case, other courts that have addressed the issue have concluded that "a defendant who denies making any communication may not obtain dismissal by also simultaneously claiming that he was exercising his right of free speech by making a

3

communication." *Rauhauser v. McGibney*, 508 S.W.3d 377, 386 (Tex. App.—Fort Worth 2014, no pet.); *see Pickens v. Cordia*, 433 S.W.3d 179, 188 (Tex. App.—Dallas 2014, no pet.) ("Given that he has denied sending the email, we conclude chapter 27 does not apply to this cause of action."); *see also Culbertson v. Lykos*, 790 F.3d 608, 632 (5th Cir. 2015) (concluding that *Rauhauser* and *Pickens* "are persuasive").

The Court disagrees with these decisions, concluding that Hersh showed by a preponderance of the evidence that the Tatums' claim is based on Hersh's communications with the reporter about Paul's death—even though Hersh denies that she ever spoke to the reporter about Paul's death—because the Tatums' *allege* that she spoke to the reporter about Paul's death. *Ante* at __. According to the Court, "When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more." *Ante* at __. Yet the TCPA expressly requires the defendant to make the required showing "by a preponderance of the evidence," and we have made clear that, generally, "pleadings are not competent evidence, even if sworn or verified." *Laidlaw Waste Sys. Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex. 1995). "Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes." *Hidalgo v. Sur. Sav. & Loan Ass'n,* 462 S.W.2d 540, 535 (Tex. 1971).

An opposing party's pleadings can constitute a judicial admission that may substitute for evidence that has a "conclusive effect and bars the admitting party from later disputing the admitted fact." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (citing *Gevinson v. Manhattan Constr. Co.,* 449 S.W.2d 458, 467 (Tex. 1969)). A party's judicial admission "relieves his adversary from making proof of the fact admitted but also bars the party himself from disputing it." *Gevinson*, 449 S.W.2d at 466. So it may be that a defendant can rely

4

solely on the plaintiff's pleaded facts to "show by a preponderance of the evidence" that a claim is based on, relates to, or is in response to" the exercise of free speech. TEX. CIV. PRAC. & REM. CODE § 27.005(b)(1). But to qualify as a judicial admission, a pleaded fact must be "clear and unequivocal," *Wolf*, 44 S.W.3d at 569 (citing *Gevinson*, 449 S.W.2d at 467), and "not plead in the alternative." *Hous. First Am. Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex. 1983). Hersh never relied on the Tatums' pleadings as a judicial admission.

But we need not reach that intriguing issue here. Even if the Tatums' action is "based on" alleged statements about Paul's death, Hersh met her burden by proving that the Tatums' action "relates to" or "is in response to" her communications with the reporter about suicide awareness and prevention. She did so by submitting as evidence deposition excerpts of her testimony regarding her views on suicide and the reporter's testimony that he spoke to Hersh about that "topic" while he was working on the article, entitled "Shrouding suicide in secrecy leaves its dangers unaddressed," which she also submitted as evidence. So we need not—and thus we should not—decide whether the Act requires evidence—as opposed to mere allegations—that Hersh communicated *about Paul's death*. I would wait and address that question when a proper case presents it. Focusing on the Act's text itself, I would simply apply its plain language and hold that Hersh met her burden.

The burden thus shifted to the Tatums to establish by "clear and specific evidence a prima facie case for each essential element of" their claim for intentional infliction of emotional distress. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c). For the reasons the Court explains, I agree that they failed to meet that burden. I therefore respectfully concur in the Court's judgment.

_____

Jeffrey S. Boyd
Justice

Opinion delivered: June 30, 2017