

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00259-CV

COLIN SHILLINGLAW,

                                       **Appellant**

 v.

BAYLOR UNIVERSITY,

                                       **Appellee**

**From the 170th District Court**
**McLennan County, Texas**
**Trial Court No. 2017-1189-4**

## MEMORANDUM OPINION

Colin Shillinglaw filed suit against Baylor University for breach of contract, libel, slander, tortious interference with existing contract, and retraction. Baylor filed a motion for summary judgment, and the trial court granted Baylor's motion for summary judgment. We affirm.

## Background Facts

Shillinglaw was employed by Baylor in the Athletic Department. After complaints on Baylor's handling of allegations of sexual assault and sexual harassment, Baylor hired the Pepper Hamilton law firm to conduct an investigation. Pepper Hamilton presented its findings to the Baylor Board of Regents, and Shillinglaw was subsequently suspended from his employment with Baylor in May 2016.

On January 31, 2017, Shillinglaw filed suit in Dallas County against Baylor, two Baylor employees, four members of Baylor's Board of Regents, and the Pepper Hamilton law firm for libel, slander, tortious interference with existing contract, aiding and abetting, conspiracy, ratification, and retraction. Shillinglaw claimed Baylor, its employees, and its agents made defamatory statements about him concerning his involvement with the sexual assault scandal. On March 2, 2017, the defendants filed a motion to dismiss Shillinglaw's claims under the Texas Citizens Participation Act (TCPA). The trial court set a hearing on the motion to dismiss for April 13, 2017. On April 6, 2017, Shillinglaw filed a notice of nonsuit without prejudice as to all the claims in the Dallas County case. The following day, the defendants in the Dallas County case informed the trial court by letter that the nonsuit did not affect their pending motion to dismiss pursuant to the TCPA.

On April 10, 2017, Shillinglaw filed suit in McLennan County only against Baylor University for breach of contract, libel, slander, tortious interference with existing

contract, and retraction. Included in the petition was a request for arbitration pursuant to the employment contract between Shillinglaw and Baylor. Shillinglaw then responded to the motion to dismiss pending in Dallas County and asked the trial court to stay the proceedings in that case so that McLennan County could compel arbitration. After the hearing on the motion to dismiss, the trial court in Dallas County granted the defendants' motion to dismiss pursuant to TCPA, dismissed Shillinglaw's claims with prejudice, and awarded the defendants attorney's fees. On May 12, 2017, Shillinglaw appealed the Dallas County trial court judgment to the Dallas Court of Appeals.

On June 9, 2017, Baylor filed a motion for summary judgment in the McLennan County cause of action based on res judicata. On July 7, 2017, the trial court held a hearing on Baylor's motion for summary judgment and Shillinglaw's motion to compel arbitration and motion for sanctions. On July 18, 2017, the trial court entered an order granting Baylor's motion for summary judgment and denying Shillinglaw's motion to compel arbitration and motion for sanctions.

## Standard of Review

We review de novo a trial court's grant or denial of a traditional motion for summary judgment. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005). In reviewing a traditional motion for summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex.

2007).  The movant carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *M.D. Anderson Hospital & Tumor Institute. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).  In reviewing a traditional motion for summary judgment, we must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See Goodyear Tire & Rubber Co.*, 236 S.W.3d at 756.

## Res Judicata

In two issues on appeal, Shillinglaw argues that the trial court erred in ordering that his claims were barred under the theory of res judicata.  Res judicata prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).  The party claiming res judicata must prove (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

Shillinglaw stated in his petition in the Dallas County case that jurisdiction and venue are proper in Dallas County.  The Dallas County trial court had jurisdiction to enter judgment after Shillinglaw's nonsuit.

Under Texas law, parties have an absolute right to nonsuit their own claims for relief at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial. TEX. R. CIV. P. 162; *Villafani v. Trejo*, 251 S.W.3d 466, 468-69 (Tex.2008); *Rauhauser v. McGibney*, 508 S.W.3d 377, 381 (Tex.App.—Fort Worth 2014, no pet.), *disapproved on other grounds*, *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). Although a plaintiff decides which of its own claims to pursue or to abandon, that decision does not control the fate of a nonmoving party's independent claims for affirmative relief. TEX. R. CIV. P. 162; *Rauhauser v. McGibney*, 508 S.W.3d at 381. A defendant's motion to dismiss that may afford more relief than a nonsuit affords constitutes a claim for affirmative relief that survives a nonsuit. *Rauhauser v. McGibney*, 508 S.W.3d at 381. The defendants in the Dallas County suit's motion to dismiss survived Shillinglaw's nonsuit. *See Rauhauser v. McGibney*, 508 S.W.3d at 383.

Shillinglaw argues that the trial court did not have authority to enter the order of dismissal because it was required to order the parties to arbitration. Shillinglaw's arguments go to the merits of the Dallas County trial court's judgment. That is not before this Court. Shillinglaw has appealed the trial court's order dismissing the claims to the Dallas Court of Appeals. In a supplemental brief, Shillinglaw argues that the trial court did not have authority to impose nonmonetary sanctions under the TCPA. Again that issue should be raised in the Dallas Court of Appeals. The Dallas trial court's dismissal with prejudice was a final determination on the merits by a court of competent

jurisdiction. *See Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991). The finality of that order is not affected by the appeal to the Dallas Court of Appeals. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986).

There is no dispute that the identities of the parties are the same in the Dallas County case and the McLennan County case. Therefore, we will next consider whether the McLennan County action was based upon the same claims as were or could have been raised in the Dallas County action.

Texas follows the "transactional" approach to res judicata barring a subsequent suit if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d at 631. A final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose. *Id*.

The petition in McLennan County alleges nearly identical causes of action as the Dallas County petition. The McLennan County petition adds the additional cause of action for breach of contract. The factual summary in each petition is also nearly identical. The dispute arises over Baylor suspending Shillinglaw after the Pepper Hamilton findings on the handling of allegations of sexual assault. Under the transactional approach we give weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their

treatment as a trial unit conforms with the parties expectations or business understanding or usage. *See Hill v. Tx-An Anesthesia Management*, LLP, 443 S.W.3d 416, 425 (Tex.App.—Dallas 2014, no pet.). Shillinglaw's breach of contract claim arises from the same facts as those for libel, slander, tortious interference with existing contract, and retraction which were alleged in the Dallas County case. Based on the evidence, we conclude that Shillinglaw's claims for breach of contract arose out of the same subject matter involved in the Dallas County suit, and through the exercise of due diligence, could have been litigated in that suit. *See id*. We find that the trial court did not err in granting Baylor's motion for summary judgment because Shillinglaw's claims were barred by res judicata. We overrule the first and second issues on appeal.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice


Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 6, 2018
[CV06]

