**Motion Denied, Petition for Writ of Mandamus Denied, and Opinion filed October 16, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00878-CV

## IN RE DIOGU LAW FIRM PLLC, ET AL, RELATORS

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 18-DCV-251076**

## M E M O R A N D U M   O P I N I O N

On Wednesday, October 10, 2018, relators Diogu Law Firm PLLC and Diogu K. Diogu II filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable James H. Shoemake, presiding judge of the 434th Judicial District Court of Fort Bend County, to stay all trial proceedings because relator non-suited his claims. Relators also filed an emergency motion asking this court to stay all proceedings in the trial court pending our resolution of their petition. *See* Tex. R.

App. P. 52.10(a).

Relators are the plaintiffs in the underlying lawsuit. The defendants filed a motion to dismiss under the Texas Citizens' Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003. After the motion to dismiss was filed, relators orally non-suited their claims under Texas Rule of Civil Procedure 162 and argued their non-suit mooted the motion to dismiss. The trial court denied the non-suit, granted the motion to dismiss, and announced it would hold a hearing on the defendants' request for attorneys' fees and sanctions under the TCPA. In their petition for mandamus, relators contend the trial court had no authority to continue proceedings in this case after they non-suited their claims.

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit. Tex. R. Civ. P. 162. A non-suit shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. *Id.* A non-suit shall have no effect on any motion for sanctions, attorney's fees, or other costs, pending at the time of dismissal, as determined by the court. *Id.* A motion to dismiss under the TCPA survives a non-suit because a victory on the motion to dismiss, which may include attorneys' fees and sanctions, would afford the movants more relief than a non-suit would. *Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *14 (Tex. App.—Houston [14th Dist.] June 26, 2018, no pet.) (mem. op.) (citing *Rauhauser v. McGibney*, 508 S.W.3d 377, 381 (Tex. App.—Fort Worth 2014, no pet.), *overruled on other grounds by Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017)).

It appears from the mandamus record that the only issue remaining in the underlying suit is the defendants' request for attorneys' fees and sanctions. When that issue is determined, a final judgment may be signed and appealed.

With certain exceptions, to obtain mandamus relief relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relators have not shown that the trial court clearly abused its discretion or that they lack an adequate remedy by appeal.

Accordingly, we deny relators' emergency motion to stay and petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and Brown