Jeff Rose, Chief Justice *842 Lona Hills Ranch, LLC, appeals from an interlocutory order denying a motion to dismiss brought under the Texas Citizens Participation Act (TCPA). See generally Tex. Civ. Prac. & Rem. Code §§ 27.001 -.011. The Ranch, which is the lessor under an oil-and-gas lease covering minerals in Lee County, Texas, brought suit against the operator of the well on the lease, Creative Oil & Gas Operating, LLC ("the Operator"), for trespass and trespass to try title, alleging that the lease had terminated. Creative Oil & Gas, LLC ("the Lessee"), intervened in the suit as a party to the lease. The Operator and the Lessee asserted counterclaims against the Ranch for breach of contract, which the Ranch sought to dismiss under the TCPA. For the reasons explained below, we will reverse in part the trial court's order denying the motion to dismiss and render judgment dismissing (1) all of the Operator's breach-of-contract counterclaims; and (2) the Lessee's breach-of-contract counterclaim that is based on the Ranch's communications with others regarding the validity of the lease. We will affirm the remainder of the trial court's denial of the motion to dismiss, leaving pending Lessee's breach-of-contract counterclaim that is based on the Ranch's complaint to the Railroad Commission and the filing of this lawsuit in alleged violation of the notice provision in the lease. We will remand the case for further proceedings consistent with this opinion.
Background
The Ranch filed a complaint with the Texas Railroad Commission in January 2017 to challenge the Operator's "good faith claim" to a continued right to operate the lease at issue in this case. The Ranch asserted that the Lease had expired by its own terms for lack of production. The Operator responded to the complaint by submitting various recorded instruments, production information, and operating history of the Lease. Ultimately, after a hearing, the Railroad Commission issued a final order concluding that the Operator had presented a "good faith claim" to operate the Lease and dismissing the complaint. This conclusion was based, in part, on the Railroad Commission's finding that the Operator's operations during the time the well was not producing had been "adequate to extend the term of the lease." Tex. R.R. Comm'n, The Complaint of Lona Hills Ranch , Docket No. 03-0303318 (May 2, 2017) (Proposal For Decision); see Tex. R.R. Comm'n, The Complaint of Lona Hills Ranch , Docket No. 03-0303318 (June 6, 2017) (final order adopting PFD and dismissing complaint).
The Ranch did not challenge the Railroad Commission's final order but instead filed the underlying trespass and trespass-to-try-title suit against the Operator. In support of its claims the Ranch again asserted that the lease had terminated under its own terms for lack of production.
*843 The Operator filed an answer denying the Ranch's claims. Although contending that, as an operator only, it has no working interest in the lease, the Operator also asserted counterclaims for breach of the lease contract, alleging that the Ranch had breached the lease by (1) "claiming [to purchasers] that the Lease has terminated" and thereby "wrongfully preventing the purchasers of oil and gas production from the Lease from paying Creative for the proceeds of sales of production"; (2) "wrongfully complaining to the Commission that the Lease has terminated"; and (3) "filing this suit when [the Ranch] has failed to comply with § 11 of the Lease requiring notice and the opportunity to cure any alleged default prior to the commencement of any litigation seeking termination or forfeiture of the Lease."
The Lessee intervened in the suit and asserted its own breach-of-contract counterclaim. According to the Lessee's plea in intervention, the Ranch breached the lease "by the filing of this lawsuit in violation of the express terms of the Lease" and by "wrongfully claiming the Lease has terminated and wrongfully repudiating the Lease."
The Ranch timely filed a motion under the TCPA seeking to dismiss both the Operator's and the Lessee's breach-of-contract counterclaims. See Tex. Civ. Prac. & Rem. Code § 27.003(a) (authorizing motion to dismiss "[i]f a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association"). The Ranch asserted that the counterclaims were subject to dismissal under the TCPA because they implicated the Ranch's "exercise of the right to free speech"-asserting its opinion to third parties that the lease has terminated-and its "exercise of the right to petition"-the filing of its complaint to the Railroad Commission and of this lawsuit. The Operator and the Lessee filed a joint response, urging that the TCPA does not apply because their counterclaims are premised on the Ranch's failure to give the Lessee notice and the right to cure as required by section 11 of the lease.
The trial court held a hearing on the Ranch's motion to dismiss but did not rule on the motion. As such, the motion was denied by operation of law. See id. § 27.008(a) (providing that motion to dismiss is overruled by operation of law if not ruled on by 30th day after hearing on motion). This interlocutory appeal followed. See id. § 51.014(a)(12) (authorizing interlocutory appeal from denial of TCPA motion to dismiss).
Discussion
In what it characterizes as two issues, the Ranch asserts on appeal that the trial court erred in denying its motion to dismiss both the Operator's and the Lessee's breach-of-contract counterclaims because (1) the Ranch met its initial burden under the TCPA of demonstrating the TCPA's "applicability," and (2) the Operator and the Lessee both failed to meet their burden of establishing by clear and specific evidence a prima facie case for each essential element of their counterclaims for breach of contract.
Parties
Before we consider the Ranch's issues, we must first address the Lessee's assertion that only it and the Ranch are parties to this appeal and, relatedly, that only its counterclaims for breach of contract remain pending.
As noted above, the Ranch originally sued only the Operator. The Operator pointed out in its pleadings that it is not a party to the lease at issue here, but it nevertheless asserted a breach-of-contract counterclaim. The Lessee subsequently intervened *844 and likewise asserted breach-of-contract counterclaims. Several days before the hearing on its TCPA motion to dismiss, the Ranch nonsuited its claims against the Operator by filing an amended petition that neither named the Operator as a defendant nor asserted any claims against it. See FKM P'ship, Ltd. v. Board of Regents of Univ. of Hous. Sys. , 255 S.W.3d 619, 632-33 (Tex. 2008) ("In civil causes generally, filing an amended petition that does not include a cause of action effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed."). However, the Ranch's repleading did not serve to nonsuit the Operator's pending counterclaims against the Ranch and related request for attorney fees and, as such, those claims remain pending. See Tex. R. Civ. P. 162 (providing that the plaintiff's right to nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief"); see, e.g. , BHP Petroleum Co. v. Millard , 800 S.W.2d 838, 840-41 (Tex. 1990) (holding nonsuit cannot affect nonmovant's independent counterclaim for affirmative relief).
On appeal, the Lessee maintains, without explaining how it could do so, that it "intend[ed] to abandon" the Operator's counterclaim by filing an amended answer and counterclaim that characterized the Lessee as the "Defendant and Counterclaimant" in the Ranch's amended pleading. The Lessee further contends that, in the event it did not successfully nonsuit the Operator's counterclaim below, the Lessee abandons it on appeal. But the Ranch's TCPA motion to dismiss is a claim for affirmative relief and, as such, it survives the Operator's nonsuit, whether effective below or here. See Duchouquette v. Prestigious Pets, LLC , No. 05-16-01163-CV, 2017 WL 5109341, at *3 (Tex. App.-Dallas Nov. 6, 2017, no pet.) (mem. op.) (holding TCPA motion to dismiss was claim for affirmative relief that survived nonmovant's nonsuit of claims); Rauhauser v. McGibney , 508 S.W.3d 377, 381-83 (Tex. App.-Fort Worth 2014) (same), overruled on other grounds by Hersh v. Tatum , 526 S.W.3d 462, 467 (Tex. 2017) ; see also CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc. , 390 S.W.3d 299, 300 (Tex. 2013) ("A motion for sanctions is a claim for affirmative relief that survives nonsuit if the nonsuit would defeat the purpose of the sanctions.").
As such, we must address both the Operator's and the Lessee's breach-of-contract counterclaims.
TCPA dismissal procedure
The TCPA provides a two-step process to expedite the dismissal of a "legal action" that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." Tex. Civ. Prac. & Rem. Code § 27.003(a). First, the movant seeking dismissal under the TCPA must "show[ ] by a preponderance of the evidence that the [nonmovant's] legal action is based on, relates to, or is in response to the [movant]'s exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association." Id. § 27.005(b).[1] Second, if the movant makes that showing, the burden shifts to the nonmovant to "establish[ ] by clear and specific evidence a prima facie case for each essential element of the claim in question" to avoid dismissal. Id. § 27.005(c). If the nonmovant meets that burden and the "legal action" would otherwise survive, the TCPA still allows the movant to obtain dismissal by "establish[ing] by a preponderance of the evidence *845 each essential element of a valid defense to the nonmovant's claim." Id. § 27.005(d).
The "evidence" the trial court "shall consider" in satisfying these shifting burdens expressly includes "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based," and the TCPA contemplates primary reliance on such proof. Id. § 27.006(a); see Hersh , 526 S.W.3d at 467 ("[I]t would be impossible to determine the basis of a legal action, and thus the applicability of the Act, without considering the plaintiff's petition.... The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations.... When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more.") (internal footnotes omitted).
We review de novo whether a party carried its assigned burden. Long Canyon Phase II & III Homeowners Ass'n, Inc. v. Cashion , 517 S.W.3d 212, 218 (Tex. App.-Austin 2017, no pet.). Further, when construing and applying the TCPA, as with other statutes, the Texas Supreme Court has emphasized that we are to look first to the TCPA's " 'plain language,' and if unambiguous, 'interpret the statute according to its plain meaning.' " ExxonMobil Pipeline Co. v. Coleman , 512 S.W.3d 895, 899 (Tex. 2017) (per curiam) (quoting Lippincott v. Whisenhunt , 462 S.W.3d 507, 509 (Tex. 2015) (per curiam) ). "Additionally, '[w]e presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted.' " Id. (quoting Lippincott , 462 S.W.3d at 509 ).
Application
The Ranch contends in its first "issue" that it met its initial burden under the TCPA of "show[ing] by a preponderance of the evidence that" the Operator's and the Lessee's counterclaims are "legal actions" that are "based on, relate to, or [are] in response to" the Ranch's "exercise of the right of free speech [or] right to petition." Tex. Civ. Prac. & Rem. Code § 27.005(b). Other than a contention that the TCPA's "commercial-speech exemption" applies to their counterclaims, see id. § 27.010(b),[2] the Operator and the Lessee do not dispute that their counterclaims for breach of contract are "legal actions" under the TCPA. See id. § 27.001(6) (defining "legal action" as including "counterclaim"). Nor do they challenge the Ranch's assertion that the three expressive activities that are implicated by the Operator's and the Lessee's counterclaims, on which the Ranch relies in its motion to dismiss-i.e., the Ranch's communications to third parties that the lease has terminated, its complaint to the Railroad Commission, and the underlying lease-termination suit-would qualify independently as the "exercise of the right of free speech" (the communications to third parties) and the "exercise of *846 the right to petition" (the complaint to the Railroad Commission and this lawsuit). See id. § 27.001(3) - (4) (defining both phrases). Instead, the Operator and the Lessee focus on whether the Ranch established by a preponderance of the evidence that their counterclaims are "based on, relate[ ] to, or [are] in response to" the Ranch's exercise of these protected activities. See id. § 27.005(b). Specifically, the Operator and the Lessee insist that their breach-of-contract counterclaims were premised on their allegations that the Ranch had breached the lease contract by violating section 11 of the lease, not on the Ranch's communications regarding the validity of the lease or on its complaint to the Railroad Commission and this lawsuit. Thus, with regard to the Ranch's initial burden under the TCPA, we need only determine whether the Operator's and the Lessee's counterclaims are "factually predicated upon" the Ranch's communications to third parties regarding the termination of the lease (right of free speech), its complaint to the Railroad Commission (right to petition), or the underlying lawsuit (right to petition). See Cavin v. Abbott , 545 S.W.3d 47, 58, No. 03-16-00395-CV, 2017 WL 3044583, at *8 (Tex. App.-Austin July 14, 2017, no pet.) ("As indicated, 'is based on, relates to, or is in response to' serves to capture, at a minimum, a 'legal action' that is factually predicated upon alleged conduct that would fall within the TCPA's definition of 'exercise of the right of free speech,' petition, or association." (citing Elite Auto Body LLC v. Autocraft Bodywerks, Inc. , 520 S.W.3d 191, 196 (Tex. App.-Austin 2017, pet. denied) ) ).
Breach counterclaims involving the Ranch's lease-termination communications
The Ranch contends that it met its burden of showing that the counterclaims at issue here are predicated factually on the Ranch's exercise of the right of free speech, specifically its communications to third parties that the lease had terminated. We agree.
In their pleadings, the Operator and the Lessee expressly invoke the Ranch's statements regarding the termination of the lease to support their breach-of-contract counterclaims. For example, the Operator asserts in its original answer that:
• "Production [on the lease's well] has continued thereafter and would continue now but for the repudiation of the Lease by [the Ranch] claiming that the Lease has terminated and demanding that the purchasers of oil and gas production from the Lease stop paying Creative for that production.
• The Operator restored "production that has only ceased thereafter as a result of the continued repudiation of the Lease by the lessor, [the Ranch]...."
• The Ranch "has breached the lease by wrongfully preventing the purchasers of oil and gas production from the Lease from paying Creative for the proceeds of sales of production...."
Similarly, the Lessee asserts in its plea in intervention (later superseded by an amended answer) that it incurred damages "as a result of [the Ranch]'s breach[ of] the Lease by wrongfully claiming the Lease has terminated and wrongfully repudiating the Lease."
The Operator and the Lessee insist that their breach counterclaims are premised solely on their allegations that the Ranch had breached section 11 of the lease by commencing litigation in the Railroad Commission and this case without first giving notice and the opportunity to cure. But the examples above plainly show that the Operator and the Lessee seek relief that is predicated, in addition to alleged breach of section 11, on an alleged injury *847 caused by the Ranch's communications regarding the lease termination. As such, the Ranch established by a preponderance of the evidence that the Operator and the Lessee's counterclaims are "based on, relate[ ] to, or [are] in response to" the Ranch's "exercise of the right of free speech." See Tex. Civ. Prac. & Rem. Code § 27.005(b)(1) ; Serafine v. Blunt , 466 S.W.3d 352, 372-73 (Tex. App.-Austin 2015, no pet.) (Pemberton, J., concurring) (explaining that "is based on, relates to, or is in response to" element is met if "challenged 'legal action' seeks relief predicated on alleged injury from some communication that can be said to fall within the TCPA's definitions of" protected expressive activities); see also Hersh , 526 S.W.3d at 467 (holding that when it is clear from nonmovant's pleadings that the action is covered by TCPA, movant "need show no more").
Having determined that the Ranch met its initial burden under the TCPA, we must next address whether the Operator and the Lessee "establishe[d] by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c). The elements of a breach-of-contract claim are (1) the existence of a valid contract between the parties; (2) performance (or excuse) by the party asserting the claim; (3) breach of the terms of the contract by another party; and (4) damages resulting from the breach. See, e.g. , C.W. 100 Louis Henna, Ltd. v. El Chico Rests. of Tex., L.P. , 295 S.W.3d 748, 752 (Tex. App.-Austin 2009, no pet.).
The Operator is not a party to the lease and it does not assert any status that would entitle it to assert a claim under the contract. As such it cannot, and has not attempted to, establish the existence of a valid contract between it and the Ranch, the first element of its breach-of-contract counterclaim. Accordingly, the trial court should have dismissed the Operator's breach-of-contract counterclaim. See Tex. Civ. Prac. & Rem. Code § 27.005(c) (requiring nonmovant to establish evidence "for each essential element" of claim (emphasis added) ); Hersh , 526 S.W.3d at 468 (holding that nonmovant did not meet its burden when it failed to establish one element of claim).
The Lessee, which is, of course, a party to the lease, also failed to meet its TCPA burden here because it did not offer any evidence establishing that any provision of the lease contract prohibited the Ranch from making the alleged lease-termination communications to third parties. Specifically, there is nothing in record showing the specific nature of the Ranch's communications and how those alleged communications constituted a breach of the lease. Instead, the Lessee's pleadings below and its brief to this Court focus solely on its contention that the Ranch breached the lease by commencing litigation before giving notice and opportunity to cure. Accordingly, the Lessee failed to "establish[ ] by clear and specific evidence a prima facie case for each essential element of" its counterclaim. Tex. Civ. Prac. & Rem. Code § 27.005(c). Thus, the trial court erred in not dismissing the Lessee's breach-of-contract counterclaim that is based on the Ranch's alleged communications to third parties. See id. § 27.005(c).
Breach counterclaims involving the Ranch's Railroad Commission complaint and this litigation
The Ranch also contends that it met its initial burden of establishing that the Operator and the Lessee's counterclaims are predicated factually on its exercise of the right to petition, specifically its complaint to the Railroad Commission and its commencement of the underlying litigation.
*848 See id. § 27.001(4) (defining "exercise of the right to petition" as "a communication in or pertaining to" "a judicial proceeding" and proceedings before governmental entities). We agree as to the Operator's counterclaim, but not as to the Lessee's.
As noted, the Operator's pleadings assert that the Ranch breached the lease by, in part, "wrongfully complaining to the [Railroad] Commission that the Lease has terminated and by the filing of this suit when the Ranch has failed to comply with § 11 of the Lease." This assertion plainly establishes that the Operator's counterclaim is factually predicated on the Ranch's "exercise of the right to petition"-i.e., its right to complain to the Railroad Commission and initiate a lawsuit. See id. § 27.001(4) (defining "exercise of right to petition"). As such, the Ranch met its initial burden under the TCPA. See Tex. Civ. Prac. & Rem. Code § 27.005(b)(1) ; Serafine , 466 S.W.3d at 372-73 (Pemberton, J., concurring) (explaining that "is based on, relates to, or is in response to" element is met if "challenged 'legal action' seeks relief predicated on alleged injury from some communication that can be said to fall within the TCPA's definitions of" protected expressive activities); see also Hersh , 526 S.W.3d at 467 (holding that when it is clear from nonmovant's pleadings that the action is covered by TCPA, movant "need show no more"). Further, as discussed above, because the Operator is not a party to the lease at issue here, the Operator cannot establish the first element of its breach-of-contract claim; thus the trial erred in not dismissing this counterclaim. See Tex. Civ. Prac. & Rem. Code § 27.005(c).
With regard to the Lessee's counterclaim, the Ranch failed to meet its burden to "show[ ] by a preponderance of the evidence that the legal action is based on, relates to, or is in response to" the Ranch's "exercise of the right to petition." See id. § 27.005(b)(2). The lease at issue here provides, in part, as follows:
[N]o litigation shall be initiated by [the Ranch] with respect to any alleged breach or default by Lessee hereunder, for a period of at least ninety (90) days after [the Ranch] has given Lessee written notice fully describing the breach or default, and then only if Lessee fails to remedy or commence to remedy the breach or default within such period.
By agreeing to this provision, the Ranch has contractually restricted its normally unrestricted constitutional right to petition. See, e.g. , In re Prudential Ins. Co. of Am. , 148 S.W.3d 124, 129 (Tex. 2004) (orig. proceeding) (holding as binding a contractual jury waiver). Accordingly, the Ranch cannot establish that Lessor's counterclaim is factually predicated on the Ranch's exercise of a protected expressive activity because the Ranch has agreed by contract to a notice provision limiting its right to petition-i.e., the lease removes the Ranch's petitioning from the realm of protected activity. Stated another way, by agreeing to limit its ability to commence litigation, the Ranch has contracted for a limited waiver of certain of its TCPA remedies. See ids="9146465" index="34" url="https://cite.case.law/sw3d/148/124/#p129">id. ("As a rule, parties have the right to contract as they see fit as long as their agreement does not violate the law or public policy.") Because the Ranch agreed to limit its right to commence litigation, it cannot show that the Lessee's legal action is factually predicated on the Ranch's "exercise of the right to petition." Therefore, the trial court did not err in refusing to dismiss the Lessee's breach-of-contract counterclaim that is based on the Ranch's complaint to the Railroad Commission and the filing of this lawsuit.
Conclusion
We have determined that the trial court properly refused to dismiss the Lessee's *849 breach-of-contract counterclaim that is based on the Ranch's complaint to the Railroad Commission and the filing of this lawsuit, and we affirm the order in this respect. We have also determined that the trial court erred by denying the Ranch's motion to dismiss (1) the Operator's breach-of-contract counterclaims in their entirety; and (2) the Lessee's breach-of-contract counterclaim that is based on the Ranch's alleged communications to third parties. Accordingly, we reverse the trial court's order in these respects and render judgment dismissing (1) the Operator's breach-of-contract counterclaims in their entirety; and (2) the Lessee's breach-of-contract counterclaim that is based on the Ranch's alleged communications to third parties. We remand the case to the trial court for further proceedings consistent with our resolution of these issues on interlocutory appeal.

The "exercise of" these three protected categories of expressive activity is defined in Section 27.001 of the TCPA. See Tex. Civ. Prac. & Rem. Code § 27.001(2) -(4).

Section 27.010(b) provides that the TCPA "does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer." Tex. Civ. Prac. & Rem. Code § 27.010(b). The Lessee contends that this exception applies here, but there is nothing in the record to support the grounds for this exception. See id. ; Deaver v. Desai , 483 S.W.3d 668, 673 (Tex. App.-Houston [14th Dist.] 2015, no pet.) ("The burden of proving the applicability of an exemption from the [TCPA] falls on the party asserting it."); Tervita, LLC v. Sutterfield , 482 S.W.3d 280, 282 (Tex. App.-Dallas 2015, pet. denied) ("The non-movant bears the burden of proving a statutory exemption.").