**Affirmed in Part, Reversed and Remanded in Part and Majority Opinion and Concurring and Dissenting Opinion filed December 10, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00579-CV

---

### JUDWIN PROPERTIES INC., Appellant

### V.

### GARRY LEWIS AND BRENDA GAYLE LEWIS, Appellees

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2018-74667**

---

### MAJORITY OPINION

In this interlocutory appeal, appellant Judwin Properties, Inc. ("Judwin"), appeals the trial court's denial of its motion to dismiss under the Texas Citizens Participation Act ("TCPA")[1] the counterclaim asserted by appellees Garry Lewis and

---

[1] *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011. The TCPA was amended in 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12, 2019 Tex. Gen. Laws 684. The 2019 amendments do not apply to this case, which was filed on October 18, 2018. *See id*. §§ 11–12, 2019 Tex. Gen. Laws at 687 (providing that amendments apply to actions filed on or after

Brenda Gayle Lewis (the "appellees" or "Lewises").[2] In seven issues, Judwin asserts the trial court erred in denying its motion to dismiss. We affirm in part and reverse and remand in part.

## I. BACKGROUND

Effective March 19, 2018, Judwin entered into a Commercial Contract-Unimproved Property[3] (the "Contract") with Garry Lewis, Brenda Lewis, Cary Goss, and Toni Goss (the "Sellers") for the purchase of real property in Harris County, Texas. Judwin sought to purchase the property for development as multi-family housing. However, the conveyance of the property was subject to protective covenants, which included a covenant prohibiting "any multifamily or single family residential purpose." The parties dispute when and how Judwin was made aware of this protective covenant and whether the Contract required either party to remove the protective covenant. Ultimately, no waiver of the protective covenant was secured, and the parties signed an amendment terminating the Contract on July 2, 2018.

On October 10, 2018, Judwin filed suit against the Sellers for alleged misrepresentations regarding the existence of the protective covenant prohibiting multi-family purpose on the real property. Judwin alleges the Sellers made representations through their broker that the property could be developed for multi-family housing. Relying upon those representations, Judwin entered into the Contract.

September 1, 2019). We refer to the TCPA version applicable to this dispute.

[2] Cari Goss and Tony Goss are defendants in the underlying case, but did not join Defendants' Counterclaim filed by Garry and Brenda Lewis in the trial court and are not parties to this interlocutory appeal.

[3] The Contract, as referenced herein, includes all amendments and addendums.

On April 2, 2019, Garry and Brenda Lewis filed Defendants' Counterclaim, alleging that Judwin breached the Contract by: (1) failing in good faith to secure a waiver of the restrictive covenants on the property (2) failing to mediate prior to filing suit, and (3) filing suit in violation of a provision in the contract excepting publicly recorded restrictions from any warranties or representations.

On May 17, 2019, Judwin filed Plaintiff's Motion to Dismiss Counterclaim under the TCPA, which was timely supplemented by Plaintiff's Supplemental Motion to Dismiss Counterclaim on May 20, 2019 (collectively referred to as the "Motion to Dismiss"). Judwin alleges that the Lewises' counterclaim was a legal action based on Judwin's exercise of free speech and is filed in response to Judwin's lawsuit, therefore affecting Judwin's right to petition.

The trial court denied Judwin's Motion to Dismiss on July 3, 2019 and issued findings of fact on August 15, 2019.[4] The trial court's findings provide the "legal action was not brought to deter or prevent the moving party from exercising constitutional rights and was not brought for an improper purpose." On July 17, 2019, Judwin timely perfected this interlocutory appeal.[5]

## II.  STANDARD OF REVIEW

Whether the TCPA applies to a particular claim is an issue of statutory interpretation that we review de novo. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). When construing a statute, our objective is to determine and give effect to the Legislature's intent. *Youngkin*, 546 S.W.3d at 680. We construe the TCPA liberally

---

[4] The version of the TCPA applicable to this dispute allowed a party to request findings "regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose[.]" Tex. Civ. Prac. & Rem. Code § 27.007(a).

[5] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (a person may appeal from an interlocutory order that denies a motion to dismiss under Section 27.003).

to effectuate its purpose and intent fully. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018). The purpose of the statute is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits. *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015); *see also* Tex. Civ. Prac. & Rem. Code § 27.002.

### III. ANALYSIS

Judwin asserts the trial court erred by denying the Motion to Dismiss and raises seven issues: (1) Was the Lewises' breach of contract claim premised upon Judwin's exercise of its right to free speech? (2) Did the Lewises present clear and specific evidence on each element of their breach of contract claim premised upon Judwin's exercise of its right to free speech? (3) Was the Lewises' breach of contract claim premised upon Judwin's exercise of its right to petition? (4) Did the Lewises present clear and specific evidence on each element of their breach of contract claim premised upon Judwin's exercise of its right to petition? (5) Did Judwin prove its affirmative defense of waiver by a preponderance of the evidence? (6) Did the Lewises present clear and specific evidence supporting a breach of contract claim based upon an alleged disclaimer of warranty for publicly recorded exceptions? and (7) Did the Lewises present any admissible and competent evidence of any damages?

### A. TCPA Framework

The TCPA, codified in chapter 27 of the Civil Practice and Remedies Code, protects citizens from retaliatory lawsuits that seek to silence or intimidate them on matters of public concern. *In re Lipsky*, 460 S.W.3d at 586; *see generally* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011

To effectuate the statute's purpose, the TCPA provides a three-step process to determine whether a lawsuit or claim should be dismissed under the statute. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019). Under

the first step, the trial court must dismiss the action if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the movant's exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association. Tex. Civ. Prac. & Rem. Code § 27.005(b); *Creative Oil & Gas,* 591 S.W.3d at 132; *In re Lipsky*, 460 S.W.3d at 586–87. "But under the second step, the court may not dismiss the action if the non-moving party 'establishes by clear and specific evidence a prima facie case for each essential element of the claim.'" *Creative Oil & Gas,* 591 S.W.3d at 132 (quoting Tex. Civ. Prac. & Rem. Code § 27.005(c)). "Under the third step, the movant can still win dismissal if he establishes 'by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim.'" *Id*. (quoting § 27.005(d)).

The "evidence" the trial court "shall consider" in "determining whether a legal action should be dismissed" under the TCPA expressly includes "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a); *see also Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

## B.  Application

The parties dispute whether the TCPA applies to the counterclaim asserted by the Lewises. The first step in the TCPA analysis is to determine whether the Lewises' counterclaim is subject to the TCPA.

The TCPA defines a "[l]egal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." Tex. Civ. Prac. & Rem. Code. § 27.001(6). This definition appears to encompass any "procedural vehicle for the vindication of a legal claim." *State ex rel. Best v. Harper*, 562 S.W.3d 1, 9 (Tex. 2018). "The definition of 'legal action' in the statute is broad and evidences a legislative intent

to treat any claim by any party on an individual and separate basis." *Better Bus. Bureau of Metro. Dallas, Inc. v. Ward*, 401 S.W.3d 440, 443 (Tex. App.—Dallas 2013, pet. denied) (citing Tex. Civ. Prac. & Rem. Code § 27.001(6)).

The Lewises assert three separate breaches in support of their breach of contract counterclaim, which constitute legal claims as defined by the TCPA. Judwin asserts that the Lewises' counterclaim implicates both its exercise of free speech and its right to petition. We first address whether any alleged breach asserted by the Lewises in the counterclaim falls within the TCPA's definition of "exercise of the right of free speech."

### 1. Counterclaim allegation based on the alleged failure in good faith to secure a waiver of the restrictive covenants on the property

In its first issue, Judwin argues that the trial court erred in denying the Motion to Dismiss because paragraph 11 of the Lewises' counterclaim, which alleges Judwin breached the Contract by taking no good faith action to remove the protective covenant precluding multi-family development during the due diligence period, was premised upon Judwin's exercise of its right of free speech.

The TCPA defines "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3). A "'[c]ommunication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*. § 27.001(1). A "[m]atter of public concern" is defined as "an issue related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." *Id*. § 27.001(7).

Judwin sought dismissal based upon the following statement the Lewises

6

attributed to a principal of Judwin, Jerold Winograd, in their counterclaim: "[O]h we know them, we can work that out."[6] Winograd was allegedly referring to the holder of the protective covenant. Judwin claims the Lewises' alleged breach fails without the disputed statement made by Winograd. Judwin further argues the Contract contains no relevant language obligating either party to secure a waiver of the protective covenant, and further that the Contract was terminated by mutual agreement of the parties.

The Lewises assert that the statement by Winograd is irrelevant, and is not asserted in their claims as a basis for their breach of contract action; rather, their claim is based upon the terms of the Contract, Judwin's prior knowledge of the restriction, and its failure to remove the restriction during the due diligence period. Judwin has the burden to demonstrate the breach of contract claim based on the failure to secure a waiver of the restrictive covenants is based on, relates to, or is in response to Judwin's exercise of the right of free speech. *See* Tex. Civ. Prac. & Rem. Code § 27.003(a). Assuming without deciding that the statement made by Winograd that Judwin could "work out" a waiver of the protective covenant is based upon, relates to, or is in response to the exercise of free speech, we conclude that Judwin has not met its burden of showing that the communication at issue is a matter of public concern.

The supreme court recently explained that not every communication related somehow to one of the broad categories set out in section 27.001(7) always regards a matter of public concern. *Creative Oil & Gas,* 591 S.W.3d at 137. In *Creative Oil & Gas*, Lona Ranch filed a TCPA motion to dismiss the opposing parties' counterclaims, arguing statements to third parties regarding the lease between the

---

[6] In an affidavit attached to its Motion to Dismiss, Judwin denies this statement was made.

parties were an exercise of the right of free speech meriting dismissal, and in regard to the filing of the lawsuit, the action was an exercise of the right to petition requiring dismissal under the TCPA. *Id*. at 130–31. The supreme court, in finding the statements did not fall within the free speech prong of the TCPA, determined the communications to third parties regarding the lease did not involve matters of public concern. *Id.* at 136. In considering whether the claims at issue are matters of public concern, the high court clarified that a matter of public concern for purposes of the TCPA must involve more than the private pecuniary interests of the parties, and "commonly refers to matters "of political, social, or other concern to the community" as opposed to purely private matters. *Id*. at 135 (citing *Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017)). Further, the court stated, "[a] private contract dispute affecting only the fortunes of the private parties involved is simply not a 'matter of public concern' under any tenable understanding of those words." *Id*. at 137.

This court has previously applied the *Creative Oil & Gas* analysis in holding that communications directed to an audience of existing customers and tenants regarding a private business dispute are not a matter of public concern for purposes of TCPA applicability. *Bowman v. Fortitude Consulting Group, Inc*., No. 14-19-00686-CV, 2020 WL 3967807, at *4 (Tex. App.—Houston [14th Dist.] July 14, 2020, no pet.) (mem. op.); *see also Navidea Biopharmaceuticals, Inc. v. Capital Royalty Partners II, L.P*., No. 14-18-00740-CV, 2020 WL 5087826, at *5 (Tex. App.—Houston [14th Dist.] Aug. 28, 2020, pet. filed) (mem. op.) (Publicly traded company failed to show by preponderance of the evidence that the amount owed pursuant to a judgment was a matter of public concern for purposes of the TCPA).

In arguing that the Lewises' counterclaim is based on speech that is a matter of public concern, Judwin asserts that the Lewises' claim that Winograd said he could successfully remove the restrictions against multi-family construction

constitutes a communication on an issue related to environmental, economic, or community well-being. *See* Tex. Civ. Prac. & Rem. Code § 27.001. The high court has defined "matter of public concern" as a matter "of political, social, or other concern to the community." *Creative Oil & Gas*, 591 S.W.3d at 135. Both Judwin and the Lewises were private parties engaged in a real property transaction. The alleged communication by Winograd solely concerned Judwin's and the Sellers' financial interest in the private real property transaction at issue. Thus, the alleged communication is not a matter related to public concern. *See Creative Oil & Gas*, 591 S.W.3d at 137.

Judwin relies on *Schimmel v. McGregor*, 438 S.W.3d 847 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) and *Schmidt v. Crawford*, 584 S.W.3d 640 (Tex. App.—Houston [1st Dist.] 2019, no pet.), but those cases are distinguishable. In *Schimmel*, the plaintiffs, who were trying to sell their hurricane-damaged homes to the city, sued an attorney who represented their homeowners association, alleging that he tortiously interfered with their prospective business relations with the city by making misrepresentations about the proposed sale. *See* 438 S.W.3d at 849–50. The attorney filed a motion to dismiss under the TCPA, which the trial court denied. *Id*. at 851, 854. The First Court of Appeals reversed the trial court, holding that the attorney's statements related to economic or community well-being and thus were an exercise of free speech covered by the TCPA. *Id*. at 859. The court held that the attorney's statements qualified as speech relating to economic and community well-being because his statements concerned the city's possible purchase of homes within a small subdivision, which allegedly would have lowered the value of neighboring properties and impaired the revenue of the homeowners association. *Id*.

In *Schmidt*, the plaintiffs were made to sign deeds of trust on their homes as security for bail bond loans, the amounts of indebtedness on the deeds were

fraudulently inflated, and the deeds were later filed in real property records creating illegal liens on the plaintiffs' homesteads. 584 S.W.3d at 646. The First Court of Appeals held that the filing of the deeds of trust fell within the TCPA's definition of communication and that communication was a matter of public concern because the plaintiffs alleged that the defendants' actions "adversely affected the well-being of Harris County at large or at least the subset of its residents who require bail bond loans." *Id.* at 650–51.

Here, in contrast, there is no indication that Winograd's statement about lifting the restrictions on the property concerned matters of community importance, which would fall within the definition of a matter of public concern. *See, e.g., Bowman*, 2020 WL 3967807, at *4 (allegation that party "interrupted and interfered with Tenants' businesses" was private communication not of public concern); *see also Collaborative Imaging, LLC v. Zotec Partners, LLC*, No. 05-19-01256-CV, 2020 WL 3118614, at *3 (Tex. App.—Dallas June 12, 2020, pet. filed) (mem. op.) ("Private communications are indeed sometimes covered by the TCPA . . . [b]ut to be covered by the TCPA, those communications must involve environmental, health, or safety concerns that have public relevance beyond the pecuniary interests of the private parties involved.") (internal citation omitted)

Based on these circumstances, the trial court did not err in denying the Motion to Dismiss with respect to the Lewises' breach of contract counterclaim for the failure to secure a waiver of the restrictive covenants. Judwin's first issue is overruled.

In light of this ruling, we do not reach Judwin's second issue—whether the Lewises presented clear and specific evidence on each element of their breach of contract counterclaim. We also do not reach Judwin's seventh issue with respect to this claim —whether the Lewises failed to present any admissible and competent

evidence of damages. *See* Tex. R. App. P. 47.1.

We next turn to whether the second and third breaches alleged by the Lewises in their counterclaim fall within the TCPA's definition of "exercise of the right to petition."

### 2. Counterclaim allegations based upon agreement to mediate prior to filing suit.

In its third issue, Judwin argues that the trial court erred in denying the Motion to Dismiss because paragraphs 15 and 16 of the Lewises' counterclaim, which allege breach of contract based on Judwin's failure to mediate before filing the lawsuit and filing suit based on misrepresentations regarding publicly recorded restrictions despite the Contract excepting those restrictions, are premised upon Judwin's exercise of the right to petition.

The TCPA defines exercise of the right to petition broadly, and specifically includes "a communication in or pertaining to a judicial proceeding." Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i). Although Judwin included both counterclaims in one appellate issue, we address them separately. The Lewises' counterclaim based on the agreement to mediate asserts:

> 15. The contract provided that Judwin, or either party, enter into mediation before suit was filed in the event of any perceived breach of contract by the opposing party. Judwin violated this provision of the contract by filing the subject suit for fraud and breach of contract, without requesting or entering into mediation of the dispute.

Judwin asserts that the Lewises' allegation that Judwin breached the contract by filing suit before entering into mediation is predicated on Judwin's right to petition in that the Lewises asserted a communication (the counterclaim) that affected Judwin's right to file suit for breach of contract. *See* Tex. Civ. Prac. & Rem. Code § 27.001(4) (defining the right to petition). As the movant Judwin bore the

11

burden of establishing that the TCPA applies to the Lewises' counterclaims. *See* Tex. Civ. Prac. & Rem. Code §§ 27.003(a), 27.005(b); *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). Judwin, however, failed to meet its burden to "show . . . by a preponderance of the evidence that the legal action is based on, relates to, or is in response to" the its "exercise of the right to petition." *See* Tex. Civ. Prac. & Rem. Code § 27.005(b)(2). The Contract states in relevant part: "[i]f the dispute cannot be resolved by negotiation, the parties will submit the dispute to mediation before resorting to arbitration or litigation and will equally share the costs of a mutually acceptable mediator." By agreeing to this provision, Judwin contractually restricted its normally unrestricted constitutional right to petition. *See Lona Hills Ranch, LLC v. Creative Oil & Gas Operating, LLC*, 549 S.W.3d 839, 848 (Tex. App.—Austin 2018), *rev'd on other grounds Creative Oil & Gas,* 591 S.W.3d at 127 (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 (Tex. 2004) (orig. proceeding)).[7]

Accordingly, Judwin cannot establish that paragraph 15 of the Lewises' counterclaim is factually predicated on Judwin's exercise of a protected expressive activity because Judwin agreed by contract to mediate before filing suit thereby limiting its right to petition. In other words, by agreeing to limit its ability to commence litigation, Judwin contracted for a limited waiver of certain of its TCPA remedies. *See In re Prudential*, 148 S.W.3d at 129 ("As a rule, parties have the right to contract as they see fit as long as their agreement does not violate the law or public policy.") Because Judwin agreed to limit its right to commence litigation, it cannot show that the Lewises' legal action is factually predicated on Judwin's "exercise of the right to petition." *See Lona Hills Ranch, LLC*, 549 S.W.3d at 848. Therefore, the

---

[7] The supreme court declined to consider whether the lessor contracted away its right to petition because the lessor did not timely file a cross petition to challenge this ruling. *Creative Oil & Gas*, 592 S.W.3d at 138.

trial court did not err in denying the Motion to Dismiss as to paragraph 15 of the Lewises' breach-of-contract counterclaim predicated on Judwin's failure to mediate before the filing of this lawsuit. We overrule that portion of the Judwin's third issue relating to paragraph 15 of the Lewises' counterclaim. Having determined the TCPA does not apply to paragraph 15, we need not address Judwin's fourth issue.

### 3. Counterclaim based on misrepresentations regarding restrictions of public record.

Judwin further contends in its third issue that paragraph 16 of the Lewises' counterclaim alleging breach of contract by "bringing suit on misrepresentations" regarding restrictions of public record is predicated on Judwin's right to petition. The Lewises' counterclaim asserts:

> 16. The contract provided that there would be no seller warranty for any restrictions that were recorded of public record. Judwin violated the contract by bringing suit on misrepresentations regarding restrictions of public record.

The TCPA permits a motion to dismiss a counterclaim if it "is based on, relates to, or is in response to a party's exercise of the . . . right to petition." Tex. Civ. Prac. & Rem. Code § 27.003(a). The TCPA defines "exercise of the right to petition" to include "a communication in or pertaining to: (i) a judicial proceeding; (ii) an official proceeding, other than a judicial proceeding, to administer the law; [or] (iii) an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government." *Id*. § 27.001(4)(A). The petition by Judwin in this lawsuit was an exercise of the right to petition as defined by the TCPA. Paragraph 16 of the Lewises' counterclaim alleging Judwin breached the contract by "bringing suit on misrepresentations regarding restrictions of public record" is based on, related to, or in response to Judwin's exercise of the right to petition. Therefore, we hold the TCPA applies to paragraph 16 and sustain

that portion of Judwin's third issue challenging the trial court's ruling on applicability of the TCPA.

In its sixth issue Judwin asserts the trial court erred in denying its motion to dismiss because the Lewises did not present clear and specific evidence supporting a breach of contract claim based on an alleged disclaimer of warranty for publicly recorded exception.

If the movants on a TCPA motion to dismiss show that the TCPA applies, the burden shifts to the nonmovants to establish by clear and specific evidence a prima facie case for each essential element of the claim in question to avoid dismissal. Tex. Civ. Prac. & Rem. Code § 27.005(c). Therefore the burden shifted to the Lewises to establish by clear and specific evidence a prima facie case for each essential element of paragraph 16 of their counterclaim based on alleged misrepresentations regarding restrictions of public record.

The TCPA does not define "clear and specific evidence" and there is no common law definition for this term. *In re Lipsky*, 460 S.W.3d at 590. However, the Supreme Court of Texas has held, for purposes of the TCPA, "clear" as meaning "'unambiguous,' 'sure,' or 'free from doubt,'" and "specific" as "'explicit' or 'relating to a particular named thing.'" *Elliott*, 564 S.W.3d at 847 (quoting *In re Lipsky*, 460 S.W.3d at 590). In other words, a prima facie case under the TCPA is the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id*. Direct evidence of damages is not required, but the evidence must be sufficient to allow a rational inference that some damages naturally flowed from the defendant's conduct. *Elliott*, 564 S.W.3d at 847.

A breach of contract action requires proof of four elements: (1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained as a result of the breach. *Elliott*, 564 S.W.3d at 847.

In the trial court, the Lewises argued that any representations or warranties attributed to Sellers "are specifically excepted by that information as shown in the public record." Therefore, the Lewises reasoned, Judwin "may not bring suit for any alleged representations contrary to that public record," including the multifamily restriction. Judwin argued in its Motion to Dismiss that the Contract did not contain any language that supported this claim for breach of contract.

We look first to determine whether a valid contract exists to support the Lewises' counterclaim. *See Elliott*, 564 S.W.3d at 843. The only evidence asserted by the Lewises to support their claim is contained in the Special Provisions Addendum to the Contract. The Addendum adds the following language to the section of the Contract entitled "Material Facts":

> C. <u>Seller's Representations and Warranties</u>. Notwithstanding the ability of Buyer to inspect the Property as provided in Section 7B of this Contract, and constituting a part of the consideration to Buyer for Buyer's execution of this Contract and agreement to consummate the purchase of the Property and pay the purchase price to Seller, Seller represents and warrants, to Seller's actual knowledge only, limited ~~to Seller's~~ [sic] period of ownership, and **except as shown in the public records**, which representations and warranties shall also be deemed made by Seller to Buyer as of the date of Closing, but shall only survive closing for one (1) year after the closing, as follows. . . ." (emphasis added).

In their counterclaim, the Lewises allege Judwin violated the contract by bringing suit for misrepresentations, based on the restriction against development for multi-family housing. The Lewises make the argument that because the restriction precluding multi-family housing development was filed in the public records and the Lewises' warranties and representations excluded restrictions in the public records as set forth in the Contract Addendum cited above, Judwin breached the Contract by suing the Lewises for alleged misrepresentations relating to those restrictions.

There is no language in the Seller's Representations and Warranties clause of the Contract that supports a determination that restricts Judwin's right to sue for misrepresentations. The Lewises do not cite to any other evidence supporting their cause of action, nor do they cite to any authority. Because there is no clear and specific evidence supporting the formation of a valid contract prohibiting suit for misrepresentations, we conclude the Lewises did not establish a prima facie case of an essential element of their breach of contract counterclaim. We sustain Judwin's sixth issue, holding the trial court erred in denying Judwin's Motion to Dismiss on this claim. In light of this holding, we do not reach Judwin's seventh issue—whether the Lewises failed to present any admissible and competent evidence of damages with respect to this claim. *See* Tex. R. App. P. 47.1.

The portion of the trial court's order denying the Motion to Dismiss is reversed with respect to paragraph 16 of the Lewises' counterclaim for Judwin's filing suit in violation of the representation and warranties language in Contract excepting publicly recorded restrictions.

## IV.   CONCLUSION

We affirm the portion of the trial court's order pertaining to the Lewises' breach of contract counterclaims for the failure to secure a waiver of the restrictive covenant and for failure to mediate. We reverse the trial court's order with respect to the Lewises' remaining breach of contract counterclaim and remand the case to the trial court for further proceedings consistent with this opinion.

/s/     Margaret "Meg" Poissant
Justice

Panel consists of Chief Justice Frost, and Justices Zimmerer and Poissant (Frost, C.J. concurring and dissenting).

16