# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00294-CV

---

**Appellant, Mary Louise Serafine// Cross-Appellants, Alexander and Ashley Blunt**

**v.**

**Appellees, Alexander and Ashley Blunt// Cross Appellee, Mary Louise Serafine**

---

**FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-12-001270, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Mary Louise Serafine appeals the trial court's order awarding her attorneys' fees and sanctions assessed pursuant to the Texas Citizens Participation Act (TCPA) and related to a motion to dismiss certain claims filed against her by cross-appellants Alexander and Ashley Blunt. *See* Tex. Civ. Prac. & Rem. Code ch. 27.[1] Cross-appellants Alexander and Ashley Blunt also appeal the trial court's order, challenging the award of attorneys' fees pursuant to the TCPA and asserting that the trial court abused its discretion by imposing excessive sanctions on them. We will reverse the trial court's judgment and remand the cause to the trial court.

---

[1] In 2019, the Legislature amended the TCPA, but expressly stated that the amendments applied only to an action filed on or after September 1, 2019, and that any action filed before that date is governed by the law in effect immediately before that date. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. This appeal is governed by the prior law and, unless otherwise indicated, any quoted section of the statute is from the prior version.

BACKGROUND

The underlying proceeding arose from a property dispute between Serafine and the Blunts. Serafine's claims against the Blunts were based on her allegations that (1) the Blunts removed a chain-link fence that had marked the boundary line between their properties for over three decades and then erected a wooden fence that encroached on her property, and (2) the Blunts trespassed on her land and damaged it by digging a trench on her land or immediately adjacent to it and by installing a drainage system that would destroy the lateral support of her land. Serafine asserted causes of action for trespass to try title, trespass, nuisance, negligence, and fraud by nondisclosure, and sought declaratory and injunctive relief, damages, and attorneys' fees. The Blunts answered and asserted as counterclaims that Serafine tortiously interfered with their contract with a drainage and foundation company and that she violated Chapter 12 of the Texas Civil Practice and Remedies Code by fraudulently filing a lis pendens in the Travis County Real Property Records.

Serafine moved to dismiss the Blunts' counterclaims under the TCPA. *See id.* § 27.003. The Blunts responded, including supporting affidavit evidence, but neither party sought any discovery. *See id.* § 27.006(b). After a hearing, the court denied Serafine's motion to dismiss. Serafine perfected an appeal to this Court, which held that the trial court erred by failing to dismiss the Blunts' counterclaims to the extent that they were based on Serafine's filing her suit and filing the lis pendens. *See Serafine v. Blunt*, 466 S.W.3d 352, 356 (Tex. App.—Austin 2015, no pet.). This Court affirmed the trial court's order in part based on its conclusion that the Blunts' counterclaim for tortious interference with contract could proceed to the extent that it was based on allegations of Serafine's conduct outside of the filing of the lawsuit and lis pendens. *Id.* We remanded the case for further proceedings, including consideration by the trial

2

court of an award of attorneys' fees and costs related to the motion to dismiss pursuant to TCPA section 27.009. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code § 27.009.

On remand, the trial court denied Serafine's motion for attorneys' fees and for sanctions pursuant to the TCPA. Serafine's affirmative claims were then tried to a jury, which unanimously decided against her on every claim. After trial, the trial court determined the boundary line between Serafine's and the Blunts' properties and rendered final judgment denying Serafine relief on all of her claims. *Id.* Serafine appealed the final judgment to this Court. *See Serafine v. Blunt*, No. 03-16-00131-CV, 2017 WL 2224528, at *1 (Tex. App.—Austin May 19, 2017, pet. denied) (mem. op.). While the appeal was pending, the Texas Supreme Court held that "the TCPA requires an award of 'reasonable attorney's fee' to the successful movant." *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). The Blunts then conceded that the TCPA portion of the trial court's judgment must be reversed because of the supreme court's determination that an award of attorneys' fees is mandatory when the trial court dismisses a legal action pursuant to the TCPA. *Serafine*, 2017 WL 2224528, at *7. This Court then affirmed the trial court's judgment except the portion denying Serafine's motion for attorneys' fees and sanctions under the TCPA. *Id.* at *1. We held that the trial court erred in denying Serafine's motion for attorneys' fees under the TCPA, reversed that portion of the judgment, and remanded the cause to the trial court "for a determination of reasonable attorney's fees incurred by Serafine in defending against the portion of the Blunts' counterclaims we dismissed under the TCPA." *Id.* at *7. We held that, regarding Serafine's motion for sanctions under the TCPA, "the statutory language is mandatory on this issue as well." *Id.* (citing Tex. Civ. Prac. & Rem Code § 27.009(a)(2), which then provided that trial court "shall award to the moving party . . . sanctions against the party who brought the legal action as the court determines

3

is sufficient to deter the party who brought the legal action from bringing similar actions"). We concluded that the trial court abused its discretion by "failing to award Serafine some amount of sanctions deemed appropriate to achieve the deterrent effect the statute requires" and remanded the cause to the trial court for a determination of the amount of sanctions to be awarded Serafine under TCPA section 27.009. *Id.*

On remand, after Serafine took no action to pursue her claims for attorneys' fees and sanctions, the Blunts filed a motion to determine monetary relief. The court heard the motion in December 2019. After the hearing, the trial court rendered judgment awarding Serafine $25,000 in attorneys' fees and $5,000 in sanctions against the Blunts. At Serafine's request, the court filed findings of fact and conclusions of law. Serafine file a motion to modify the judgment, seeking an increase in both the attorneys' fee award and the sanctions. The trial court denied the motion, Serafine perfected her appeal, and the Blunts perfected their cross appeal. In her appeal, Serafine asserts that the trial court abused its discretion in making the fee award by disregarding guiding principles on segregation of attorneys' fees and by "using improper and irrelevant factors" to reach a "low award" as well as complaining that the trial court "protect[ed] the Blunts fabrication" of evidence and "their repeated use of false testimony." In their cross-appeal, the Blunts argued that the trial court abused its discretion by awarding excessive attorneys' fees and sanctions that are unsupported by the record.

### *Attorneys' Fees*

We review a trial court's award of attorneys' fees under TCPA section 27.009(a)(1) for abuse of discretion. *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). A trial court does not abuse its discretion merely because the appellate court would have

4

ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low v. Henry*, 221 S.W.3d 609, 620 (Tex. 2007). Instead, the appropriate inquiry is whether the court acted without reference to any guiding principles, that is, whether the court's act was arbitrary or unreasonable. *Low*, 221 S.W.3d at 614.

A successful motion to dismiss under the TCPA entitles the moving party to an award of "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require." Tex. Civ. Prac. & Rem. Code § 27.009(a)(1);[2] *see also Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 232 (Tex. App.— Austin 2018, no pet.). A party seeking attorneys' fees must prove the amount and reasonableness of the fees sought. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762-63 (Tex. 2012). Such proof "includes, at a minimum, documentation of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *Id*. at 764. The proof must be sufficient to permit a court "to perform a meaningful review of their fee application." *Id.*

A "reasonable" attorneys' fee "is not excessive or extreme, but rather moderate or fair." *Sullivan*, 488 S.W.3d at 299. The reasonableness of a fee award rests within the trial court's discretion. *Id.* Whether attorneys' fees are reasonable is generally a question of fact. *See Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010). A trial court does not abuse its discretion when its ruling is based on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97

---

[2] This TCPA subsection was amended in 2019. Throughout this opinion, we use the pre-amendment version.

(Tex. 2009). An abuse of discretion does occur, however, when the trial court's ruling is not supported by any evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012).

Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). A party challenging the legal sufficiency of the evidence supporting a finding on which it did not have the burden of proof must demonstrate "that there is no evidence to support the adverse finding." *Gordon v. Martin*, No. 03-19-00241-CV, 2020 WL 1908316, at *4 (Tex. App.—Austin Apr. 17, 2020, no pet.) (mem. op.). Evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011). We credit favorable evidence if a reasonable factfinder could do so and disregard contrary evidence unless a reasonable factfinder could not. *Id.* We sustain a no-evidence challenge only if: (1) the record reveals a complete absence of evidence of a vital fact; (2) we are barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810, 822 (Tex. 2005).

A court of appeals cannot make original findings of fact; it can only "unfind" facts. *Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986); *Zeptner v. Zeptner*, 111 S.W.3d 727, 734 (Tex. App.—Fort Worth 2003, no pet.). Conclusions of law may be

6

reviewed to determine their correctness based on the facts. *DPRS 15th St., Inc. v. Texas Skyline, Ltd.*, No. 03-11-00101-CV, 2014 WL 4058796, at \*4 (Tex. App.—Austin Aug. 13, 2014, no pet.) (mem. op.).

The trial court's judgment awarded Serafine $25,000 in attorneys' fees pursuant to TCPA section 27.009(a)(1). In its findings of fact and conclusions of law, the trial court made the following findings and conclusion regarding Serafine's attorneys' fees:

> FOF 13: [Serafine] incurred $4,802.50 in reasonable attorney's fees for work by Hays & Owens, L.L.P. related to defending counterclaims from [the Blunts] through October 2012.
>
> FOF 14: [Serafine] incurred $27,300.00 in reasonable attorney's fees for work by Ray Bass relating to the appeal of the denial of her Motion to Dismiss pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code.
>
> FOF 15: [Serafine] was not successful on her Motion to Dismiss on all claims. Two out of the three legal actions were dismissed, and one remained as it was not found to implicate the [TCPA].
>
> FOF 16: [Serafine's] attorneys did not segregate [their] time between the successful and unsuccessful challenges. It was not demonstrated that the issues were so interwoven that they were not severable.
>
> FOF 17: [Serafine] is not entitled to recover for defending the counterclaims on which she was not successful and the incurred attorney's fees are reduced to $21,200.
>
> FOF 18: [Serafine] incurred $21,200 in reasonable attorney's fees related to successfully defending counterclaims from [the Blunts] through the first appeal.
>
> FOF 19: [Serafine] incurred $3,800 in reasonable attorney's fees for work by the Law Office of Don Cruse relating to the second appeal, challenging the denial of attorney's fees and sanctions award after her interlocutory appeal of the Motion to Dismiss pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code was affirmed-in-part and reversed-in-part.
>
> FOF 21: Through the second appeal, [Serafine] incurred $21,200 in reasonable attorney's fees related to successfully defending counterclaims from [the Blunts]

through the second appeal.[3]

FOF 23: Twenty-five thousand dollars is the reasonable attorney's fee incurred in defending against the dismissed legal actions.

COL 5: [Serafine] demonstrated that she was entitled to recovery of $25,000 in reasonable attorney's fees incurred in defending against the dismissed legal actions.

The trial court's fact findings reveal that it awarded Serafine approximately 66% of the total amount of fees billed by Hays & Owens and by Bass ($21,200)[4] and added $3,800 billed by Cruse to arrive at a total amount of $25,000. On appeal, the Blunts raise three separate challenges to the sufficiency of the evidence supporting the trial court's findings regarding these fees.

The evidence supporting the $4,802.50 in Hays & Owens fees is found in a document titled "Serafine Attorney's Fees Statement Summary-RGH/Hays & Owens LLP," which was part of one of Serafine's exhibits admitted into evidence. That document includes a chart labeled "Fees Plainly Related Only to Defending the Counterclaims" and indicates that attorney Robert Hargrove, the Hays & Owens lead attorney representing Serafine, billed 16.3 hours at $250 per hour.[5] First, the Blunts assert that in calculating the fee award attributable to work performed by Hays & Owens, the trial court used an hourly rate of $250 rather than the

[3] The $21,200 figure in FOF 21 appears to be a typographical error; adding the $21,200 in fees found reasonable for the first appeal for attorneys Hays & Owens and Bass (FOF 13 through 18) to the $3,800 in fees found reasonable for the second appeal for attorney Don Cruse (FOF 19) results in total reasonable fees through the second appeal of $25,000, the amount the trial court awarded in its judgment. The correct figure in FOF 21 should be $25,000—the sum of all fees found reasonable through the second appeal and the amount found to be "the reasonable attorney's fees incurred in defending against the dismissed legal actions" in FOF 23.

[4] Findings of Fact 15 and 17 indicate that the two-thirds award reflects the trial court's determination that Serafine's TCPA motion to dismiss was successful as to only two of the three counterclaims and that she was therefore entitled to only two-thirds of the attorneys' fees related to her defense of those counterclaims.

[5] The remainder of the fees were for time billed by an associate and a paralegal, totaling $727.50.

$200 per hour rate that Hargrove testified he billed for his 16.3 hours of legal services. Thus, instead of finding that Serafine incurred fees of $3,260 for Hargrove's work, the trial court found that she incurred fees of $4,075 for that work. The Blunts argue that this mathematical error caused the total amount of fees incurred for work by Hays & Owens to be inflated by $815, that there was no evidence to support the $250 per hour amount used to calculate the Hays & Owens fees, and that, instead, the evidence conclusively establishes that the correct amount of fees for work performed by Hays & Owens was a total of $3,987.50. Thus, the Blunts maintain that the evidence supporting Finding of Fact 13 is legally insufficient. We agree. Hargrove testified that he reduced his hourly billing rate for legal services performed for Serafine from $250 to $200, and this "courtesy discount" is set forth on each of the relevant bills from Hays & Owens, each of which state "Mr. Hargrove's rate reduced to $200/hr." The trial court's award of fees for work performed by Hays & Owens is based on a summary table admitted into evidence by Serafine. The summary table shows that Hargrove billed 16.3 hours for legal services related to defending against the Blunts' counterclaims. The table calculates Hargrove's fees using a rate of $250 per hour for a total of $4,075. This $250 per hour charge, however, is contradicted by both Hargrove's testimony and his billing statements, which unequivocally demonstrate that he billed Serafine a reduced rate of $200 per hour. This evidence conclusively establishes the opposite of a fact vital to an award of $4,075 in attorneys' fees for Hargrove's work—that is, an hourly rate of $250 per hour. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(1) (court shall award moving party attorneys' fees *incurred* in defending against the legal action); *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019) (attorneys' fees are incurred when person becomes liable for it). Because the evidence conclusively established that Hargrove billed Serafine $200 per hour rather than $250 per hour, Serafine did not incur (become liable

for) $4,075 in fees for the 16.3 hours of work the trial court found Hargrove performed in defending against the Blunts' counterclaims. Rather, the evidence conclusively establishes that Serafine incurred only $3,260 for the 16.3 hours of work the trial court found Hargrove performed in defending against the Blunts' counterclaims. Accordingly, the evidence supporting Finding of Fact 13 is legally insufficient. Adding the $727.50 in unchallenged fees for work performed by an associate and a paralegal in defending against the Blunts' counterclaims, the evidence shows that the Hays & Owens fees incurred for the work the trial court found was reasonable for defending against those counterclaims is $3,987.50.[6]

The Blunts further challenge the trial court's attorneys' fee award by asserting that the court erred by awarding her attorneys' fees for legal services provided by Ray Bass. The Blunts assert that the court should not have awarded Serafine any fees for work performed by Bass related to defending against the Blunts' counterclaims because she did not submit evidence that she had paid any fees for those services. The Blunts maintain that Bass passed away in September 2016 and that Serafine did not present the court with any evidence that Bass's estate had made a claim for payment. The Blunts argue that any claim by the estate would be barred by limitations and that, as a consequence, Serafine has not "incurred" those fees.

A party "incurs" fees for purposes of fee shifting statutes when she "*becomes liable*" for those fees. *See Rohrmoos*, 578 S.W.3d at 489 (holding that "a fee is incurred when one becomes liable for it"); *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 299-300 (Tex. 2011) (holding that pro se party did not "incur" attorneys' fees because "he did not

---

[6] The trial court reduced the fees incurred in defending against the Blunts' counterclaims by one-third reflecting its finding that Serafine's TCPA motion was successful as to only two of the three counterclaims. A fee award based on applying the proper billing rate for Hargrove to arrive at a total of fees incurred for work performed by Hays & Owens related to defending against the counterclaims would likewise properly reflect a one-third reduction.

*at any time become liable* for attorneys' fees) (emphasis added)). Serafine submitted evidence that Bass billed her for the $27,300.00 in fees the trial court determined were related to defending against the Blunts' counterclaims and that she became liable for those fees when billed. The Blunts argue that after Bass's death and the passage of time sufficient to bar his estate's efforts to collect unpaid bills from Serafine, Serafine was no longer liable for those fees and, consequently, they were not fees "incurred" in defending against the counterclaims.

Assuming, without deciding, that fees "incurred" when a party became liable for them can become "not incurred" due to subsequent circumstances such as the attorneys' inability to collect them or, perhaps, their payment on behalf of the original obligor by another, we conclude that the Blunts failed to conclusively prove that Serafine was no longer obligated to pay the Bass fees. The evidence the Blunts point to on appeal is their counsel's statement during argument that Bass passed away in "September of 2016," that "there is no evidence of any claim by his estate to actually demand recovery of those fees," that counsel "think[s] it would be barred by the statute of limitations at this point," and that counsel "suspect[s] [the estate] is closed." Without more, counsel's statements do not establish that Bass's estate no longer has any right to demand payment from Serafine for the fees billed for Bass's legal services. There is no evidence of when the estate was probated or whether the probate proceeding is in fact closed. Moreover, it is a reasonable inference that Serafine and Bass's estate have an agreement regarding payment of fees that would toll limitations or that Serafine has agreed to pay the estate any fees she recovers in this litigation for legal services performed by Bass. The mere fact that Bass passed away in September 2016 does not constitute evidence sufficient to shift the burden back to Serafine to demonstrate that she continues to be liable for payment of attorneys' fees billed by Bass before his death. We conclude that, on this record, there was sufficient evidence that

11

Serafine incurred $27,300 in fees for Bass's legal services related to defending against the Blunts' counterclaims.

The Blunts also challenged the trial court's award of $3,800 in fees it found Serafine incurred for work performed by Don Cruse related to defending against the Blunts' counterclaims. We agree that this award is not supported by sufficient evidence. The only evidence of fees charged by Don Cruse was Serafine's testimony that Cruse was engaged as a "consulting expert." The Blunts objected to the testimony and a proffered affidavit on the ground that Cruse's consulting expert fees did not constitute "attorneys fees" recoverable under the TCPA, *see Top Cat Ready Mix, LLC v. Alliance Trucking, L.P.*, No. 05-18-00175-CV, 2019 WL 275880, at *6 (Tex. App.—Dallas Jan. 22, 2019, no pet.) (mem. op.), and because the remand was limited to a determination of the amount of attorneys' fees and sanctions Serafine could recover under the TCPA. The trial court sustained the objection and excluded the testimony and affidavit. Serafine has not challenged that ruling on appeal. The trial court's award of attorneys' fees for legal services performed by Cruse was not supported by sufficient evidence. The evidence regarding his charges was excluded by the trial court and, in addition, would have constituted evidence of consulting expert fees not recoverable as attorneys' fees under Texas law. We conclude that the evidence supporting Finding of Fact 19 is legally insufficient.

Having concluded that the evidence is insufficient to support Finding of Fact 13 regarding the attorneys' fees incurred for legal services performed by Hays & Owens through October 2012, we also find that the evidence is insufficient to support the court's Finding of Fact 18 that Serafine incurred a total of $21,200 in reasonable attorneys' fees related to successfully defending the Blunts' counterclaims through the first appeal. Having also concluded that the evidence is insufficient to support Finding of Fact 19 regarding attorneys' fees incurred for legal

services performed by Don Cruse relating to the second appeal, we find that the evidence is insufficient to support the trial court's Finding of Fact 23 that $25,000 is "the reasonable attorney's fees incurred in defending against the dismissed legal actions." We further conclude that Conclusion of Law 5, which states that "Serafine demonstrated that she was entitled to recovery of $25,000 in reasonable attorney's fees incurred in defending against the dismissed legal actions" is incorrect because embedded in the calculation of fees incurred are fees calculated at an hourly rate conclusively shown by the evidence to be incorrect along with unrecoverable consulting expert fees. We sustain the Blunts' first issue.

*Sanctions*

The Blunts also challenge the trial court's imposition of sanctions of $2,500 against each of them, for a total sanctions award of $5,000. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(2) (providing that court "shall award to the moving party" sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter). The Blunts argue that the sanctions awarded constitute an abuse of the trial court's discretion. *See Sullivan v. Arguello Hope & Assocs., PLLC*, No. 03-18-00144-CV, 2018 WL 6424200, at *2 (Tex. App.—Austin Dec. 7, 2018, no pet.) (mem. op.) (court reviews "trial court's imposition of sanctions for an abuse of discretion").

Under the version of the statute that applies to this case, an award of sanctions against the party who brought an action dismissed pursuant to the TCPA is mandatory. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(2); *Rauhauser v. McGibney*, 508 S.W.3d 377, 389 (Tex. App.—Fort Worth 2014, no pet.), *disapproved of on other grounds by Hersh v. Tatum*,

13

526 S.W.3d 462, 467–68 (Tex. 2017). The statute mandates that the sanctions be "sufficient to deter the party who brought the legal action from bringing similar actions" described in the TCPA. Tex. Civ. Prac. & Rem. Code § 27.009(a)(2). The trial court has discretion to determine the sanction amount that is required to deter the party from bringing similar actions—i.e., those that are covered by the TCPA—in the future. *Rauhauser*, 508 S.W.3d at 389.

We review the trial court's sanctions award for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). In deciding whether the trial court abused its discretion, "[a]n appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary and unreasonable." *Id.* (citing *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004)). When it comes to applying the law to the facts of the case, the trial court has no discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The guiding principle in determining the amount of sanctions to be imposed under the TCPA is that it be the amount sufficient to deter the party from filing actions in the future that are covered by the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(2).

The trial court made the following findings of fact and conclusions of law related to the sanctions issue:

FOF 24: The counterclaims that were challenged were compulsory.

FOF 26: There is no evidence that Alexander and Ashley Blunt have filed other legal actions that implicate the Texas Citizens Participation Act.

FOF 29: The risk of future legal actions that implicate the Texas Citizens Participation Act by Alexander and Ashely Blunt is low.

FOF 30: The joint and several liability of $25,000 in Mary Louise Serafine's attorney's fees offers additional deterrence.

14

FOF 31: The legal actions were not brought to deter or prevent the moving party from exercising constitutional rights.

FOF 32: The legal actions were not brought for an improper purpose.

The court determined that a sanction of $2,500 imposed both on Alexander Blunt and on Ashley Blunt was the amount sufficient to deter each of them from bringing "similar Texas Citizens Participation prohibited actions." We must determine whether the trial court abused its discretion in determining that $5,000 is the amount of sanctions sufficient to deter Alexander and Ashley Blunt from filing claims prohibited by the TCPA in the future.

The trial court found that the Blunts' counterclaims were compulsory and that they did not file them to impede Serafine's constitutional rights or for any other improper purpose. The trial court also found that the Blunts have not filed any other legal actions implicating the TCPA and the risk of their doing so in the future is "low." Finally, the trial court found that its ordering the Blunts to pay Serafine's attorneys' fees would serve to deter the Blunts from filing actions prohibited by the TCPA in the future. It is evident from the trial court's own findings that it determined the Blunts were unlikely to file future actions that would implicate the TCPA. Although the trial court was required to award some amount of sanctions, its own findings indicate that no more than a nominal amount of sanctions was the amount sufficient to accomplish the statutorily mandated deterrent effect. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(2) (trial court should award sanctions sufficient to deter party from bringing similar actions described in TCPA); *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 664 (Tex. 2009) ("[N]ominal damages are supposed to be a trifling sum.").

In light of its own findings, the trial court deviated from the guiding principle that the sanctions imposed should be no more than is sufficient to deter future filing of actions subject

15

to dismissal under the TCPA when it assessed sanctions of $5,000 against the Blunts. *See MBM Fin. Corp.*, 292 S.W.3d at 664 ($1,000 is not nominal damages); *Rich v. Range Res. Corp.*, 535 S.W.3d 610, 614 (Tex. App.—Fort Worth 2017, pet. denied) (trial court has discretion to award only nominal amount of sanctions under TCPA); *Morales v. Barnes*, No. 05-18-00767-CV, 2020 WL 597346, at *4 (Tex. App.—Dallas Feb. 7, 2020, pet. denied) (mem. op.) (trial court may award nominal sanctions when it determines party is not likely to file similar action). Because the trial court found that the Blunts were not likely to file further actions that would implicate the TCPA and because it determined that an attorneys' fee award to Serafine would have a deterrent effect, we conclude that the trial court acted without reference to guiding rules and principles by imposing more than a nominal amount of sanctions.[7] In light of the trial court's own findings, a cumulative sanctions award of $5,000 is significantly greater than the amount sufficient to deter the Blunts from filing claims subject to dismissal under the TCPA in the future. Consequently, we hold that the imposition of $5,000 in sanctions against the Blunts was arbitrary and unreasonable and constituted an abuse of discretion. We sustain the Blunts' second issue.

## CONCLUSION

For the reasons stated in this opinion, we reverse the trial court's judgment in part and we remand the case for further proceedings solely on the issue of the amount of attorneys'

---

[7] Under the current version of the TCPA, the trial court may only award attorneys' fees incurred in defending against a compulsory counterclaim that is dismissed pursuant to the statute if the court finds that the counterclaim is frivolous or solely intended for delay. *See* Tex. Civ. Prac. & Rem. Code § 27.009(c). Thus, were the Blunts to file a similar action in the future, it could not serve as the basis for an award of attorneys' fees.

fees and sanctions Serafine is entitled to under the TCPA.  *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(1), (2).[8]

_____

Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Affirmed in Part; Reversed and Remanded in Part

Filed:   November 19, 2021

_____

[8]   Because we reverse and remand both the attorneys' fee award and the sanctions imposed on the Blunts by the trial court, we need not address Serafine's appellate issues. *See* Tex. R. App. P. 47.1.